SECOND INJURY FUND ET AL V. BILLY JOE KEATON

No. A-8070. Decided April 19, 1961
Rehearing overruled May 17, 1961
(345 S. W. 2d Series 711)

*Will Wilson*, Attorney General, *John L. Estes* and *W. O. Schultz*, Assistant Attorneys General, for petitioner.

*Ray & Knudtson*, of Amarillo, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

The primary question presented here is whether or not

Article 8306,[1] Sections 12c, 12c-1, and 12-2, Vernon's Annotated Civil Statutes, as amended, permits a recovery from the Second Injury Fund where as here the claimant sustained only partial incapacity as a result of general injuries. We have concluded to answer this question in the negative. Such answer requires that the judgments of both the trial court and the Court of Civil Appeals be reversed and judgment rendered that respondent take nothing by his suit.

Our decision on this question renders it unnecessary to decide petitioners' points involving such questions as—that repondent failed to give notice of injury to the Second Injury Fund within thirty days of the accident; that he failed to make claim against the Second Injury Fund within six months of the accident; and that the respondent had no statutory right of appeal from an award of the Industrial Accident Board with respect to a claim against the Second Injury Fund.

---

1.    "Sec. 12c.   In an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the 'Second-Injury Fund' hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries." Acts 1917, p. 269; Acts 1947, 50th Leg., p. 690, ch. 349, § 1.

"Sec. 12c-1.   If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as 'Second-Injury Fund,' hereafter defined." Acts 1947, 50th Leg., p. 690, ch. 349, § 1.

"Sec. 12c-2.   The special fund known as the 'Second-Injury Fund' shall be created in the following manner:

"(a)   In every case of the death of an employee under this Act where there is no person entitled to compensation surviving said employee, the association shall pay to the Industrial Accident Board the sum of Three Thousand Dollars ($3,000) to be deposited with the Treasurer of the State for the benefit of said Fund and the Board shall direct the distribution thereof.

"(b)   When the total amount of all such payments into the Fund, together with the accumulated interest thereon, equals or exceeds One Hundred Thousand Dollars ($100,000) in exceos of existing liabilities, no further payments shall be required to be paid to said Fund; but whenever thereafter the amount of such Fund shall be reduced below Fifty Thousand Dollars ($50,000) by reason of payments to such Fund, then payments to such Fund shall be resumed forthwith, and shall continue until such Fund again amounts to One Hundred Thousand Dollars ($100,000) including accumulated interest thereon."   As amended Acts 1957, 55th Leg., p. 1186, ch. 391, § 1.

Respondent filed this suit against the Second Injury Fund, State of Texas, seeking benefits under Article 8306, Section 12c et seq, supra, for alleged partial and permanent incapacity resulting from the combination of two previous injuries to his left leg (a football injury in October 1948 and an automobile accident in February 1952) and a subsequent injury to his right leg on June 14, 1957.

The facts were stipulated. After a trial by the court without the intervention of a jury, the court entered judgment awarding the respondent a recovery from the Second Injury Fund for a period of three hundred (300) weeks at 30 per cent partial disability. The Court of Civil Appeals has affirmed. 337 S.W. 2d 841.

The problem of the compensation to be awarded to a previously injured workman when he receives a second injury is made difficult of solution for the simple reason that the legislative amendment to the Workmen's Compensation law setting up the Second Injury Fund is to say the least silent as to the course the Industrial Accident Board, the courts, and the litigants coming within the purview of the amendment should take in presenting and bringing claims against the Second Injury Fund to a final conclusion.

■ The Second Injury Fund statute by its very terms has been made an integral part of the Workmen's Compensation Act. A proceeding by an injured employee under this Act to recover compensation from the Second Injury Fund must rest entirely upon the statutes alone. See Rogers v. Traders & General Insurance Company, 135 Tex. 149, 139 S.W. 2d 784, 128 A.L.R. 1305. The statutes both create and measure the rights of parties proceeding under the Act. Since the right to a recovery in this case does not rest upon the common law, we are necessarily compelled to examine the specific statutes, supra, which deal with the Fund to determine whether or not the liability of the Second Injury Fund is to be extended to the respondent, who has been found by the trial court to be only *partially* and *permanently* disabled as the result of general injuries.

The parties agree that Section 12c, supra, is clear and unambiguous. The respondent contends that this Section only refers to "condition of incapacity" and "combined incapacity," and that since the particular Section 12c nowhere specifically

states that the combined effect of the previous injury and the subsequent injury must be a total disability, the statute must be enforced as it clearly reads. The respondent argues that it is clear from a reading of Section 12c that a *partial* disability is not excluded since such terms as "condition of incapacity" and "combined incapacity" mean any further amount of increase in the degree of incapacity. With this contention we cannot agree.

■ The intention of the legislature in enacting the statute must be ascertained from the language of the statute itself. When that intention has been ascertained by the court, it is our duty to enforce such intent. The Second Injury Fund Amendment necessarily must be viewed as a whole. Section 12c-1 uses the term "total permanent incapacity." This Section says that if an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes *permanently* and *totally* incapacitated through the loss or loss of use of another member or organ, the Association shall be liable *only* for the compensation payable for such second injury, "provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the *remainder* of the compensation that would be due for the *total permanent incapacity* out of the special fund known as 'Second-Injury Fund,' hereafter defined." This language clearly indicates that only injuries that are found to be specific injuries rather than general were contemplated, and it is equally clear that it was the intention of the legislature that before the Second Injury Fund may be held liable, the employee must establish that he has been *totally* and *permanently* incapacitated. The language "combined incapacities resulting from both injuries" contained in Section 12c, supra, can only have reference to the combination of injuries described in Section 12c-1, supra. This latter Section is the only statutory provision in all of Article 8306, supra, which specifically defines the extent of liability or the purposes for which the assets of the Second Injury Fund are to be used. While it is true, as was held in the case of Miears v. Industrial Accident Board, 149 Tex. 270, 232 S.W. 2d 671, a suit involving the Second Injury Fund, that the Workmen's Compensation Act should be construed liberally in favor of the injured workman, nevertheless, we are not permitted to give a *liberal* construction where the law is expressed in plain and unambiguous language as here. We are not to look to the consequences of our action here in limiting the application of the statute to the exact words of the Act. Johnson v. Darr, 114 Tex. 516, 272 S.W. 1098.

We have found no Texas case involving the exact question presented here. The Court of Civil Appeals bases its holding in our case that the Second Injury Fund is liable for a combination of *general* injuries resulting in *partial* disability upon the provisions of Section 12c. It held that this Section alone created a cause of action against the Second Injury Fund, and that Section 12c-1 applies only to those cases where *total* and *permanent* disability exists. We cannot agree. The phrase "hereinafter described," found in Section 12c, obviously reflects the intention of the legislature to refer one to subsequent Sections of the Act to ascertain the liability of the Second Injury Fund. Section 12c does not create a cause of action within itself. The bounds of liability are only found in Section 12c-1 of Article 8306, supra. The restrictive provisions of Section 12c-1, supra, limit the liability of the Second Injury Fund to situations involving a combination of *specific injuries* resulting in total and permanent incapacity. Neither combinations of *general* injuries nor injuries resulting in *partial* disability are compensable from the Second Injury Fund. Some jurisdictions provide for a recovery against the Second Injury Fund where a combination of injuries results in *partial* disability. Thus far, the Texas Legislature has not seen fit to enact a comprehensive Second Injury Fund Statute which would embrace the type of cause of action against the Second Injury Fund alleged and established by the respondent.

For the reasons stated, the judgments of the trial court and the Court of Civil Appeals are both reversed, and judgment is here rendered that the respondent take nothing by his suit.