**INDEMNITY INSURANCE CO. OF NORTH AMERICA, Appellant,**

v.

**V. P. NOLLKAMPER, Appellee.**

No. 13822.

Court of Civil Appeals of Texas.

Houston.

Dec. 7, 1961.

Rehearing Denied Jan. 4, 1962.

Finis Cowan, Houston, for appellant; Baker, Botts, Andrews & Shepherd, Houston, of counsel.

M. A. Lehmann, Houston, for appellee and cross-appellant V. P. Nollkamper; Smith & Lehmann, Houston, Luther F. Hardin, Sidney J. Brown, Rosenberg, of counsel.

BELL, Chief Justice.

The appellee recovered judgment against appellant in a workmen's compensation case for sixty four weeks of total disability, followed by permanent partial disability.

The injury was to appellee's back. Previously he had received a noncompensable injury to the back. The noncompensable injury and the injury here involved were both to the intervertebral disc at the L 4 and L 5 level. Also the last injury was to the thoracic spine according to some evidence.

The jury, in answer to Special Issue No. 15, found that the incapacity suffered by appellee was contributed to by the earlier nonoccupational injury. In answer to Special Issue No. 16 it found that if it had not been for the previous injury, the incapacity resulting from the last injury would have lasted less than a week. In answer to Special Issue No. 17, the jury found that if there had been no previous injury 90% of the incapacity of appellee would be due to the last injury.

Apart from these issues the appellee was entitled, on a basis of the jury verdict, to the judgment that was rendered.

Appellant moved for judgment that appellee take nothing based on the verdict. Appellee moved that the court disregard the jury's answers to Special Issues Nos. 15, 16 and 17 because they were immaterial and render judgment for appellee for sixty four weeks' total disability followed by three hundred weeks of permanent partial disability. Appellee's motion was granted.

▇ Appellant contends that appellee was entitled to recover nothing because the jury found the incapacity of appellee from the last injury would have lasted less than a week except for the contribution made by the first injury. Alternatively he contends the award should be reduced by 10% because in answer to Special Issue No. 17 the jury answered that only 90% of appellee's incapacity resulted from the last injury.

These contentions of appellant are based upon its contention that under Article 8306, Sec. 12c, Vernon's Ann.Tex.St., the insurer is liable only for compensation for incapacity caused by the last injury even though it is a general injury and the previous injury was a general noncompensable one.

The question of whether Sec. 12c applies where the previous injury was a general one and was noncompensable has been discussed in a number of cases and it has been uniformly held not to be applicable. Some cases have discussed the question though such discussion was unnecessary to the decision, and it has in such cases been said to be applicable. In the very recent case of St. Paul Fire and Marine Ins. Co. v. Murphree, 347 S.W.2d 817, the Amarillo Court of Civil Appeals held Sec. 12c not to be applicable. The cases touching the question were adequately reviewed and we will not review them here. A writ of error has been granted by our Supreme Court in that case on this point and eight procedural points. We do not, of course, know what the Supreme Court will ultimately hold. We are in accord with the holding in the case and those on which the court there relied. We would add to the discussion given in that case only briefly.

Before the amendment of Sec. 12c in 1947 it read as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury."

In 1947 the 50th Legislature passed an act amending Sec. 12c and adding Sections 12c–1 and 12c–2. Acts 50th Legislature, Chapter 349, pp. 690, 691. Section 1 of the Act was made up of what is known as Section 12c, 12c–1 and 12c–2 of Article 8306. Section 2 of the Act·was an emergency clause. This Act in substance re-enacted the wording of old Sec. 12c, but we think made a significant addition in the form of a "proviso." Following the word "injury," the last word in the old Sec. 12c, the Legislature placed a semicolon and then added these words: "provided that there shall be created a fund known as the 'Second-Injury Fund' hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries."

Sec. 12c–1 of Art. 8306 follows immediately as a part of Section 1 of the Act, and it reads:

"If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury provided, however, that in addition to such compensation and after the combination of payments therefor, the employee shall be paid the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as 'Second-Injury · Fund' hereafter defined."

There follows Sec. 12c–2 creating the fund which is not here necessary to notice.

We think Sec. 12c as amended reflects an intention that a previously injured person shall not be deprived of compensation for the incapacity created by the combined injuries. Rather the legislative intent is that he shall be compensated. Then follows a provision for compensation out of the "Second Injury Fund" where total permanent disability results from the combination of the loss or loss of use of specific members of the body. Sec. 12c reflects the intention that the insurer shall be liable for the last injury only in those cases where the legislature has provided for compensation to the employee for the total permanent incapacity caused by a combination of injuries. The legislature has made no provision for compensation for such incapacity where it results from general injuries or where it is only partial. It has made provision for compensation out of that fund only for total permanent incapacity created by the loss or loss of use of specific members. Therefore we think the insurer is to provide full compensation for incapacity caused by a combination of a previous general injury and a subsequent general injury.

 Every part of the Workmen's Compensation Act should be given a liberal construction so as to afford protection to the individual workman who has been injured.

The judgment of the Trial Court is affirmed.