**TEXAS EMPLOYERS' INSURANCE AS-
SOCIATION, Appellant,**

v.

**Troy CRESWELL, Appellee.**

**No. 4688.**

Court of Civil Appeals of Texas, Eastland.

May 17, 1974.

Rehearing Denied June 21, 1974.

Stan Carter, Nelson, Sherrod, Carter &
Oldham, Wichita Falls, for appellant.

William K. Altman, Law Offices of Bob
L. Wilson, Wichita Falls, for appellee.

WALTER, Justice.

Troy Creswell recovered a judgment
against Texas Employers Insurance Asso-
ciation for total and permanent disability
benefits under the Workmen's Compensa-
tion Law. Texas Employers Insurance As-
sociation has appealed.

Effective September 1, 1971, Article
8306, Section 12c was amended. The
amended section is as follows:

"If an employee who has suffered a
previous injury shall suffer a subsequent
injury which results in a condition of in-
capacity to which both injuries or their
effects have contributed, the association
shall be liable for all compensation pro-
vided by this Act, but said association
shall be reimbursed from the 'Second In-
jury Fund' as hereinafter described, to
the extent that the previous injury con-
tributes to the combined incapacity."

Prior to the amendment, the statute pro-
vided for a diminution of the recovery be-
cause of a previous compensable injury.
Transport Insurance Company v. Mabra,
487 S.W.2d 704 (Tex.Sup.1972).

We hold, under the amended sec-
tion 12c, that proof of a prior compensable
injury will no longer reduce the recovery
of a workman because of such prior inju-
ry.

The appellee gives the following account
of Creswell's accident and his injuries.
We find this account to be substantiated by
the record.

"The Plaintiff was a roughneck on a
drilling rig in Throckmorton County

when he sustained a severe crushing injury while working thirty feet up in a drilling rig as a derrick man. This accident occurred on December 16, 1972, when a two thousand pound joint of casing was slammed into him, trapping him up in the derrick. The driller, B. J. Hogan, testified to these facts and further testified that the Plaintiff, Troy Creswell, was 'about the most dependable man I had,' and that he had never heard any physical complaints from Creswell during the four months he worked under the driller Hogan.

Appellee testified that he had been crushed between the block and the derrick; that his arm was severely crushed and his back skinned; that he was rushed to a hospital in Graham, where he was immediately sent by ambulance to Fort Worth under heavy sedation because several bones were protruding from the palm of his hand. He further testified that he was hospitalized three times in Harris Hospital in Fort Worth under Dr. Wheeler, a back specialist, and Dr. Lamensdorf, a kidney specialist called in because his kidneys would not work. The record further showed that he had surgery on his hand and forearm and that Dr. Wilson, a Fort Worth orthopedic surgeon, recommended surgery on his back. He was hospitalized a second time at Harris Hospital for one week of therapy to his back and right shoulder. The third time he was in Harris Hospital for surgery on his hand and forearm. The Appellee testified as to the pain in his left leg, down to the foot, and pain in both shoulders and his inability to shake hands, make a fist and his inability to eat or drink with his right hand. He further testified that he has been unable to work since his injury and that he was still getting shots in his shoulder at the time of trial. He had been hospitalized for therapy to his back and shoulders and was wearing a steel back brace at the time of trial and taking back exercises as recommended by the orthopedic surgeon."

Texas Employers Insurance Company contends the court erred in excluding evidence that Creswell had sustained prior compensable injuries in 1963, 1966, 1970, and 1971 and that Creswell's disability was caused by a pre-existing spondylolisthesis an injury in 1963, 1966, 1970, and 1971 or a combination thereof.

·The Bill of Exception of the insurance company reveals that Creswell had a back injury in 1963, had a back injury in 1966 when a truck float fell on him, had an upper back injury in 1970, and had a head and back injury in 1971. The company introduced Creswell's oral deposition as part of its Bill of Exception and established that for the 1966 injury he made a settlement and received $2,976.00 and that he received $4,500.00 for the concussion injury.

The insurance company asserts that Dr. Dodson's Bill of Exception reveals the following:

"Out of the presence of the jury, Dr. Dan Dodson, a witness called by Plaintiff, testified that if Plaintiff complained of pain with his 1966 injury and his 1963 injury that it is medically probable that these were contributing to the problem that Plaintiff now has in his low back. Dr. Dodson further testified that if Plaintiff had pain in his back a little above his beltline in 1963, that he most likely had muscle spasm in 1963. In the doctor's opinion muscle spasm in the back will never get completely well. He further stated that if Plaintiff had pain in hiw low back below his beltline in 1966 in conjunction with an injury that he probably had muscle spasms at that time. Following that injury, the doctor would expect him to have episodes of pain between 1966 and 1972. He further testified that once a person has muscle spasm it never gets completely well and is a permanent condition, but it can be lived with at varying degrees. Plaintiff's prior injury to the shoulder blade area could be a contributing cause to his present injuries."

It also asserts that Dr. Ledbetter's Bill of Exception reveals the following:

"Dr. Harry Ledbetter, out of the presence of the jury, testified that if Plaintiff had back injuries in 1963 and 1966, that this would be a significant factor and a contributing factor in his present disability. If this man did not have these prior injuries, his disability and length of time it took him to recover would probably not be as severe. The prior injuries are a significant factor in the prognosis of Plaintiff's case."

On cross-examination Dr. Ledbetter was asked the following questions and he gave the following answers:

"Q  In other words, the prior injuries are contributing, I believe your word was contributing—perhaps to the fact that he doesn't recover from a subsequent injury?

A  Yes.

Q  They are certainly not the sole and only cause of his present disability, are they?

A  No."

The insurance company offered the testimony contained in the Bills of Exception and said:

"  .   .   .   we tender it for the jury's consideration on the issues of sole cause, .   .   ."

Dr. Ledbetter testified in the presence of the jury that Creswell admitted to him that he had back problems previous to his December 1972 injury. Creswell testified in the presence of the jury that he had back pain and wore a back brace prior to his 1972 accident, and that he had suffered with back pain at various times since he was about 25 years of age. He was 39 at the time of trial.

In Weiler v. Weiler, 336 S.W.2d 454 (Tex.Civ.App. Eastland 1960, no writ), this court held:

" 'The rule is settled that where evidence is offered as a whole, some of which is inadmissible, it is not error for the trial court to exclude the whole upon proper objection.'  Texas Reciprocal insurance Ass'n v. Stadler, Tex.Com.App., 140 Tex. 96, 166 S.W.2d 121, 125.

'We think no error was committed by the trial court in its ruling here under Texas Company v. Andrade et al., Texas Civ.App., 52 S.W.2d 1063, and Missouri, K. & T. v. Washburn, Tex.Civ.App., 184 S.W.580, writ refused, where the rule is stated (page 582) : 'But it is equally well settled that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony. In such case it is not the duty of the court nor of the party objecting to the same to separate the admissible from the inadmissible.' ' "

The proffered testimony contained in the Bills of Exception contained evidence about law suits and settlements. The doctors' testimony contained a discussion about the beneficial effects of surgery. This evidence was inadmissible. We hold the court did not err in excluding such evidence.

Creswell pleaded that he received an injury to his hand, arm, shoulder, and back. Dr. Ledbetter was the insurance company's doctor and on cross-examination he testified substantially as follows:

Mr. Creswell was a cooperative patient during my examination. I did not get the impression that he was exaggerating, faking, or malingering. I wouldn't pass him for any kind of labor. He is by every definition totally disabled at the present time for manual labor. If we are talking about something permanent, the only thing that will help his back is surgery. During my examination, I discovered that he was having shoulder pain. I found that he has had considerable damage to his back and still is hav-

ing muscle spasm and I think he is totally disabled in his back.

The jury found that[1] Creswell received an injury on or about December 16, 1972; that the injury was in part to his back; that the injury was in part to his right shoulder; that the injury was in the course of his employment; that the injury was a producing cause of his total disability; and was permanent. They also found that the injury was not the producing cause of any partial disability, and that it was not caused solely by the disability of his right arm below the elbow or to the loss of use of his right arm below the elbow or by the injury of his right arm below the elbow or by a spondylolisthesis or back condition independent of and not aggravated by his injury.

The insurance company contends the court erred in submitting three issues rather than one relating to the injury and rely on H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501 (Tex.Civ.App. San Antonio 1949, writ ref. n. r. e.). The insurance company had pleaded that Creswell's disability was limited to the hand and caused solely by the disability to the hand. Special Issue No. 1 inquired if Creswell sustained an injury, Special Issue No. 2 asked if he sustained a back injury and Special Issue No. 3 asked if he sustained a shoulder injury. These issues were supported by the pleadings and the evidence and were proper issues for the purpose of determining whether Creswell sustained a general injury.

No complaint is made by the insurance company about the court's failure to submit any of its requested issues or as to the manner of such submission. We must, therefore, consider that all of its pleaded defenses were properly submitted. This case is distinguishable from the Butt's case in that all of the issues complained about here were pleaded, supported by evidence, and proper.

We have considered appellee's cross point asking that 10 per cent damages be added to the judgment as provided for in Rules 435 and 438, Texas Rules of Civil Procedure, and find no merit in it. It is overruled.

We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.