**HOUSTON GENERAL INSURANCE COMPANY, Appellant,**

v.

**Robert TEAGUE, Appellee.**

**No. 5512.**

Court of Civil Appeals of Texas, Waco.

Dec. 30, 1975.

Rehearing Denied Jan. 15, 1976.

Flahive & Ogden, R. M. Ogden, Austin, for appellant.

John L. Hill, Atty. Gen., Harry C. Green, Asst. Atty. Gen., Byrd, Davis, Eisenberg &

Clark, Jack C. Eisenberg, Terry L. Weldon, Austin, for appellee.

## OPINION

JAMES, Justice.

This is a workmen's compensation case wherein the Second Injury Fund is a Third Party Cross-Defendant, and involves interpretation of Article 8306, Sections 12c and 12c–1, as amended in 1971. Appellant Houston General Insurance Co. raises these two specific questions:

(1) Whether a carrier is entitled to an offset for prior compensable disabilities; and

(2) In the alternative, whether a carrier has the right to proceed against the Second Injury Fund in *general* injury cases. We answer both questions in the negative and affirm the trial court's judgment.

The injured workman, Robert Teague, and the carrier, Houston General, entered into certain fact stipulations hereinafter set out, to which the Second Injury Fund was not a party, which stipulations were incorporated into the trial court's judgment, pertinent portions of which are as follows:

(1) Teague suffered a general injury to his back on December 10, 1973, while in the course and scope of his employment with Austin Road Company. (This is the immediate injury occasioning the litigation at bar).

(3) Teague suffered total and permanent incapacity as a result of the foregoing injury, and Houston General was the insurance carrier thereof.

(4) Teague suffered a prior compensable general injury on August 26, 1971, while employed by Tom Johnson Trading Post for which disc surgery was required and furnished.

(5) Teague suffered a prior compensable general injury on November 30, 1972, while employed by Blume System Tree Experts for which additional disc surgery was required and furnished.

(6) Teague suffered a total of 30% permanent disability to his body as a result of the two prior compensable general injuries of August 26, 1971, and November 30, 1972.

Based upon the foregoing fact findings, the trial court entered judgment:

(1) Awarding total and permanent benefits to Plaintiff Teague against Houston General;

(2) That Defendant Houston General is not entitled to 30% credit on the judgment for Teague's two prior compensable general injuries; and

(3) That as a matter of law, reimbursement from the Second Injury Trust Fund applies only to specific injuries (as opposed to general injuries), and therefore Houston General was denied recovery from the Second Injury Fund. In this connection, Second Injury Fund had filed a Plea in abatement to Houston General's Third Party Cross-Action against said Fund, which plea was sustained by the trial court. We affirm the trial court's judgment.

Defendant-Appellant Houston General asserts error of the trial court in:

(1) Finding that Appellant was not entitled to 30% credit on Teague's judgment against Appellant for Teague's stipulated prior compensable general disabilities; and

(2) In the alternative, for refusing to permit Appellant's action against the Second Injury Fund and in holding as a matter of law that reimbursement from the Second Injury Trust Fund applies only in specific injury cases.

We revert to Appellant's first point.

Effective September 1, 1971, Article 8306, Section 12c was amended. The amended section is as follows:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable for all compensation provided by this Act,

but said association shall be reimbursed from the 'Second Injury Fund' as hereinafter described, to the extent that the previous injury contributes to the combined incapacity."

Prior to the amendment, the Statute provided for a diminution of the recovery because of a previous compensable injury. *Transport Insurance Co. v. Mabra* (Tex. 1972) 487 S.W.2d 704.

■ However, under the amended Section 12c, hereinabove quoted, it has been held that proof of a prior compensable injury will no longer reduce the recovery of a workman because of such prior injury. *Texas Employers' Insurance Association v. Creswell* (Eastland, Tex.Civ.App.1974) 511 S.W.2d 68, NRE; *Texas Employers' Insurance Association v. Haunschild* (Amarillo, Tex.Civ.App.1975) 527 S.W.2d 270, no writ history as yet. Appellant's first point is overruled.

■ As stated, Appellant's second point asserts the trial court's error in refusing to permit Appellant Houston General's action against the Second Injury Fund and in holding as a matter of law that reimbursement from the Second Injury Fund applies only in specific injury cases. We overrule this point, because the two prior compensable injuries that Plaintiff Teague suffered in the case at bar were admittedly *general* injuries.

Our Supreme Court held, in *Second Injury Fund v. Keaton* (1961) 162 Tex. 250, 345 S.W.2d 711, that the restrictive provisions of Section 12c–1, Article 8306, limit the liability of the Second Injury Trust Fund to situations involving a combination of *specific* injuries resulting in total and permanent incapacity. In *Keaton* it was further expressly held that combinations of *general* injuries are not compensable from the Second Injury Fund. In other words, for us to sustain Appellant's second point of error would violate the Supreme Court's holding in *Keaton*.

We have carefully reviewed all of Appellant's contentions and hereby overrule same as being without merit.

Judgment of the trial court is accordingly affirmed.

Affirmed.