SECOND INJURY FUND, Appellant,

v.

AMERICAN MOTORISTS INSURANCE
CO., Appellee.

No. 4920.

Court of Civil Appeals of Texas,
Eastland.

Sept. 2, 1976.

Rehearing Denied Sept. 23, 1976.

Harry C. Green, Asst. Atty. Gen., Austin,
for appellant.

Lancaster Smith, Dallas, for appellee.

McCLOUD, Chief Justice.

The question to be decided is whether the 1971 amendment to Sections 12c and 12c–1 of Article 8306, Vernon's Ann.Civ.St., permits reimbursement from the Second Injury Fund to an insurance carrier when the injured employee sustains total and permanent incapacity as a result of a combination of general as opposed to specific injuries.

The trial court entered a $16,000 judgment for the carrier, American Motorist Insurance Company, and the Second Injury Fund has appealed. We reverse and render.

The facts were stipulated. In a severed cause the injured workman, James Williamson, was found to be totally and permanently disabled as a result of a back injury sustained on December 20, 1972, while working for American Motorists Insurance Company's insured. The judgment in that cause also decreed that a previous 1965 back injury sustained by Williamson while working for the same employer contributed fifty percent to his injury of December 20, 1972. Both the 1965 and 1972 injuries were general injuries.

In *Second Injury Fund v. Keaton,* 162 Tex. 250, 345 S.W.2d 711 (1961), our Supreme Court construed Article 8306, Sections 12c and 12c–1, to provide reimbursement from the Second Injury Fund, only when a combination of specific injuries, as opposed to general injuries, results in total and permanent incapacity. The court said:

". . . Neither combinations of *general* injuries nor injuries resulting in *par-*

*tial* disability are compensable from the Second Injury Fund . . ."

Sections 12c and 12c–1, as construed in *Keaton,* prior to the 1971 amendment, provided:

"Sec. 12c. If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association (Texas Employers' Insurance Association) shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; provided that there shall be created a fund known as the *'Second-Injury Fund' hereinafter described,* from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries. Acts 1917, p. 269; Acts 1947, 50th Leg., p. 690, ch. 349, § 1." (Emphasis added)

"Sec. 12c–1. If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as 'Second-Injury Fund,' hereafter defined. Acts 1947, 50th Leg., p. 690, ch. 349, § 1."

The court in *Keaton* reasoned that Section 12c did not create a cause of action against the Second Injury Fund within itself and the phrase "hereinafter described" found in 12c referred to Section 12c–1 where the bounds of liability against the Fund were found.

Sections 12c and 12c–1, as amended in 1971, provide:

"Sec. 12c. If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable for all compensation provided by this Act, but said association shall be reimbursed from the *'Second Injury Fund' as hereinafter described,* to the extent that the previous injury contributes to the combined incapacity." (Emphasis added)

"Sec. 12c–1. If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable for all compensation provided by this Act, not to exceed 401 weeks, but said association shall be reimbursed from the 'Second Injury Fund,' as hereinafter described, to the extent that its payment exceeds the amount due for the second injury as above set out. In order to qualify for reimbursement from the 'Second Injury Fund' under this section, the association must file its claim with the Industrial Accident Board within 180 days following date of injury, together with evidence of its payment of all compensation provided by this Act and of the preexisting permanent physical impairment qualifying the association for such reimbursement. Good cause for late filing as set forth in Section 4(a), Article 8307, Revised Civil Statutes of Texas, 1925, as amended, shall also apply in such claims for reimbursement. Provided further, if the association makes payment in a lump sum to the injured claimant, the association shall be entitled to reimbursement from the 'Second Injury Fund' by lump sum payment."

*Texas Employers' Insurance Association v. Haunschild,* 527 S.W.2d 270 (Tex.Civ.App. —Amarillo 1975, writ ref. n. r. e.), contains an excellent discussion of the history of Sections 12c and 12c–1. The court there held that after the 1971 amendment, a carrier's liability for incapacity produced by combined effects of multiple general inju-

ries is not reduced by the percentage of incapacity contributed by compensable general injuries other than the one in suit. See also, *Texas Employers' Insurance Association v. Creswell,* 511 S.W.2d 68 (Tex.Civ. App.—Eastland 1974, writ ref. n. r. e.), and *Houston General Insurance Company v. Teague,* 531 S.W.2d 457 (Tex.Civ.App.—Waco 1975, writ ref. n. r. e.).

American Motorists forcefully argues that the purpose of the Second Injury Fund is totally frustrated if the carrier is not permitted a reduction for prior compensable general injuries or reimbursement from the Second Injury Fund. It points out that the Second Injury Fund was created for the purpose of compensating the injured employee for the total and permanent incapacity he has suffered, without sacrificing the policy of encouraging employment of physically handicapped workers. *Miears v. Industrial Accident Board,* 149 Tex. 270, 232 S.W.2d 671 (1950). The carrier urges that the previously injured workman will in all probability not be readily employable if the employer's insurance carrier is required to pay full compensation for incapacity resulting partly from prior compensable general injuries, and also be denied reimbursement from the Second Injury Fund.

In *Keaton,* the court acknowledged that the Workmen's Compensation Act should be liberally construed in favor of the injured workman, but stated very clearly that the Second Injury Fund would be liable only when the injured workman sustained total and permanent incapacity as a result of specific injuries. The court concluded:

".   .   . We are not to look to the consequences of our action here in limiting the application of the statute to the exact words of the Act .   .   ."

The 1971 amendment does not contain language sufficient to show a legislative intent to expand the liability of the Second Injury Fund from that announced in *Keaton.* The only significant change affecting the Second Injury Fund made by the 1971 amendment was that prior to the amendment the claim against the Fund was given to the injured workman, and the amend-

ment requires that the carrier first pay compensation to the injured workman and then assert its claim for reimbursement from the Fund. Prior to and after the 1971 amendment, however, only combinations of specific injuries resulting in total and permanent incapacity give rise to any claim from the Second Injury Fund. It is presumed that the legislature had full knowledge of the rule announced in *Keaton* when the 1971 amendment was passed. *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125 (1942). If it had intended to change that rule, it could have easily so stated.

*Keaton* was recently cited and followed in *Houston General Insurance Company v. Teague,* 531 S.W.2d 457 (Tex.Civ. App.—Waco 1975, writ ref. n. r. e.). If the *Keaton* interpretation is too restrictive, in view of the 1971 amendment prohibiting a reduction for prior compensable general injuries, and results in a policy that discourages or prevents the employment of previously injured workmen, then the matter should be addressed to the Legislature. We are bound to follow the statutes as written and interpreted by our Supreme Court.

The judgment of the trial court is reversed and rendered.