**SECOND INJURY FUND, Appellant,**

v.

**John Wayne TOMON and Old Republic Insurance Company, Appellees.**

No. C14–92–00291–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 25, 1993.

Rehearing Denied April 29, 1993.

Mike Thompson, Jr., Austin, for appellant.

Mike Falick, Jerry D. Conner, William J. Collins, Houston, for appellees.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

The State's Second Injury Fund appeals from a judgment ordering the Fund to pay John Wayne Tomon the sum of $128,-435.52, representing a lump sum payment of lifetime benefits at a stipulated compensation rate. The Fund brings five points of error essentially claiming (1) there can be no recovery from the Fund absent a finding that Tomon suffered a total loss of use of a body part before the "second" injury of May 23, 1986, and (2) Tomon is not entitled to lifetime benefits or the payment of such benefits in a lump sum. We reverse.

Appellee John Wayne Tomon fell and sustained an injury on May 23, 1986 in the course and scope of his employment at Piccadilly Cafeteria. Before the date of this injury, Tomon had sustained injuries to his left and right legs. As a result of the May 23, 1986 incident, Tomon brought a worker's compensation claim against his employer and the Second Injury Fund. Before trial of the case, Tomon and his employer's carrier, Old Republic Insurance Company, settled. Thus, the case proceeded to trial with the parties realigned. The parties entered into the following stipulations:

(1) That John Wayne Tomon sustained an injury to his left leg on or about May 23, 1986, while in the course and scope of his employment with Piccadilly Cafeteria;

(2) That John Wayne Tomon sustained an injury to his left leg prior to May 23, 1986;

(3) That John Wayne Tomon sustained an injury to his right leg prior to May 23, 1986;

(4) That John Wayne Tomon's compensation rate was $182.47 per week;

(5) That 75% of John Wayne Tomon's present incapacity can be attributed to his prior injuries of 1974 and 1982.

Based on these stipulations, the trial court granted a partial directed verdict against the Fund and held, as a matter of law, that:

if an employee has suffered a previous injury or injuries and shall suffer a subsequent injury which results in the condition of incapacity to which both injuries or their effects have contributed, the Second Injury Fund shall be liable for the percentage of incapacity attributable to the prior injury or injuries.

Trial proceeded and the court submitted two questions to the jury. These questions asked if the on the job injuries were a producing cause of total and permanent loss of use of Tomon's right leg above the ankle and of the total and permanent loss of use of Tomon's left leg above the ankle. The jury answered both questions in the affirmative. Based on these answers and the agreed stipulations, the court entered judgment against the Fund and awarded Tomon $128,435.52, "such sum representing the lifetime payment of benefits to JOHN WAYNE TOMON for his life expectancy of 18.8 years at the above agreed weekly compensation rate." The court added that it found award of such benefits in a lump sum payment was "proper as a matter of law in this case."

In points of error one and two, appellant claims the trial court erred in entering a partial directed verdict because it was based on an improper theory and in submitting the charge without a necessary element of the cause of action. Both of these points relate to appellant's contention that the trial court misconstrued the statute providing for recovery under the Fund. Thus, we address these points together.

Section 12c was enacted to encourage the employment of persons handicapped by previous physical injuries. *See Martinez v. Second Injury Fund of Texas*, 789 S.W.2d 267, 268 (Tex.1990); *Miears v. Industrial Accident Board*, 149 Tex. 270, 232 S.W.2d 671, 672 (1950). The Legislature recognized that an employer would be less inclined to hire a handicapped person if the employer knew his insurer would be liable for the disability caused by the combined effect of the two injuries, rather than for the disability resulting solely from the sec-

ond injury. *Miears*, 232 S.W.2d at 672. Under this statute, however, the employee would recover less compensation for a total and permanent incapacity caused by a series of injuries than he would recover for the same incapacity caused by a single injury. *Id.* at 673. To alleviate this inequity while maintaining the policy embodied in § 12c, the Legislature added § 12c–1 and § 12c–2 in 1947 "to create a Second Injury Fund from which an employee who is totally and permanently incapacitated by successive specific injuries can recover the additional compensation due for such incapacity over the amount due for the later injury." *Martinez*, 789 S.W.2d at 269.

Appellant contends that § 12c–1, rather than § 12c, creates the cause of action for recovery from the Fund. Appellees argue that § 12c creates liability independently of that created by § 12c–1.

Section 12c provides as follows:

(a) If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury; *provided that there shall be created a fund known as the "Second Injury Fund," hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries.*

Act of June 16, 1977, 65th Leg., R.S., ch. 801, 1977 Tex.Gen.Laws 2004–2005, *repealed by* Act of December 13, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex.Gen.Laws 114 (current version at TEX.REV.CIV.STAT. ANN. Art. 8308–4.47 (Vernon Supp. 1993)) (emphasis added). The italicized portion was added in 1947 when the Legislature added § 12c–1, creating the Fund. Second Injury Fund Act, 50th Leg., R.S., ch. 349, 1947 Tex.Gen.Laws 690 (repealed 1989).

We need not address the issue of which sections create liability because the Texas Supreme Court has held that § 12c–1 alone creates a cause of action to recover from the Fund. *Second Injury Fund v. Keaton*, 162 Tex. 250, 345 S.W.2d 711, 714 (1961). Thus, we turn to appellant's primary argument that to activate liability a claimant must have suffered a prior injury resulting in total and permanent incapacity. Because § 12c–1 requires a claimant to have "previously lost, or lost the use of" an organ or body part, appellant reasons that § 12c–1 is applicable only if the claimant has suffered a previous total loss or total loss of use of that organ or member. In support of this contention, appellant cites *Travelers Insurance Company v. Seabolt*, 351 S.W.2d 350 (Tex.Civ.App.—Eastland 1961), *rev'd on other grounds*, 361 S.W.2d 204 (Tex.1962). In *Seabolt*, however, the claimant sought recovery under § 12 for the permanent loss of use of a hand. 351 S.W.2d at 351; 361 S.W.2d at 205. The court construed the term "loss of use" in § 12 to mean a total loss of use. 351 S.W.2d at 352; 361 S.W.2d at 205. Section 12, however, concerns compensation for specific enumerated injuries. *See* Act of March 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex.Gen.Laws 269, 275–76 (repealed 1989). The language in this section indicates the Legislature's intention that the phrase "loss of use" means total loss of use. We do not find this holding binding in the interpretation of § 12c–1.

Section § 12c–1 has confused the courts since its enactment. This section, entitled "Permanent and total incapacity through loss of or loss of use of, another member or organ," provides:

If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury; provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the remainder of the compensation.

Act of June 16, 1977, 65th Leg., R.S., ch. 801, 1977 Tex.Gen.Laws 2004–2005 (repealed 1989).

■ Case law construing this section illustrates the courts' difficulty in interpreting what types of injuries § 12c–1 covers. The cases discuss injuries in terms of general and specific injuries. Specific injuries are injuries to particular parts of the body compensation for the loss of which is specifically provided by statute. *See* Act of March 28, 1917, 35th Leg., R.S., ch. 103, 1917 Tex.Gen.Laws 269, 275–76 (repealed 1989). When an injury to a specific member or portion of the body is of such nature that it affects other parts of the body, the injury becomes a general injury. *Texas Employers' Ins. Ass'n v. Polk,* 269 S.W.2d 582, 583 (Tex.Civ.App.—Eastland 1954, writ ref'd n.r.e.).

Case law addressing the issue whether § 12c–1 applies to general injuries has been conflicting for forty years. *Compare Martinez,* 789 S.W.2d at 269 (section 12c–1 applies where employee is totally and permanently incapacitated by successive specific injuries); *Keaton,* 345 S.W.2d at 715 (section 12c–1 applies to combinations of specific injuries resulting in total and permanent incapacity; combinations of general injuries are not compensable from the Fund); *Second Injury Fund v. American Motorists Ins. Co.,* 541 S.W.2d 514, 515–16 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.) (followed *Keaton* and held that claimant with successive general injuries could not recover from the Fund); *Houston Gen. Ins. Co. v. Teague,* 531 S.W.2d 457, 459 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.) (followed *Keaton* in limiting liability under § 12c–1 to combinations of specific injuries resulting in total and permanent incapacity); *Indemnity Ins. Co. v. Nollkamper,* 352 S.W.2d 308, 310 (Tex.Civ. App.—Houston 1961, writ ref'd n.r.e.) (§ 12c–1 provides for compensation from the Fund only for total permanent incapacity created by loss or loss of use of specific members, not for incapacity resulting from general injuries) *with Sowell v. Travelers Ins. Co.,* 374 S.W.2d 412, 416 (Tex.1963) (held that since § 12c–1 does not distinguish between specific and general injuries,

the court would not add such a distinction into the statute); *Texas Employers' Ins. Ass'n v. Haunschild,* 527 S.W.2d 270, 273 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.) (held that § 12c–1 applied to cases of multiple general injuries where the prior general injury was compensable under the worker's compensation act).

■ Despite the cases finding § 12c–1 applicable to general injuries, the language of § 12c–1 seems to state clearly that it applies only to specific injuries because it provides for liability from the Fund in cases involving a previous loss or loss of use of "one hand, one arm, one foot, one leg, or one eye" and a subsequent loss or loss of use of "another member or organ" resulting in total and permanent incapacity. *See* Act of June 16, 1977, 65th Leg., R.S., ch. 801, 1977 Tex.Gen.Laws 2004–2005 (repealed 1989). In the instant case, the parties stipulated that appellee Tomon had suffered previous specific injuries to both legs. The jury found that Tomon suffered permanent and total loss of use of his right and left legs at or above the ankle. We interpret these to be specific injuries also. Thus, case law interpreting § 12c–1 allows recovery from the Fund where, as here, the claimant has suffered successive specific injuries resulting in total and permanent incapacity. *See, e.g., Martinez,* 789 S.W.2d at 269.

No cases, however, have addressed the question whether, under § 12c–1, the prior injury must have involved a total loss, or a total loss of use, of a specific organ or body part. There have been cases involving successive back injuries resulting in total and permanent incapacity where the Fund was held liable. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Murphree,* 347 S.W.2d 817 (Tex.Civ.App.—Amarillo 1961), *aff'd,* 163 Tex. 534, 357 S.W.2d 744 (Tex. 1962). Although these cases do not address the issue presented here, they indicate that the previous injury need not have resulted in a total loss of use even though, in our opinion, the statute seems to require a total loss of use of one member or organ and a subsequent total loss of use of a

different member or organ.[1] By allowing recovery for injuries that are outside the scope of the types of injuries specified in the statute, such cases indicate the courts' willingness to construe § 12c–1 liberally in favor of the injured worker. Finding no authority requiring that the prior injury involve a total loss or total loss of use, we hold that the trial court did not err in granting a partial directed verdict and in submitting the charge to the jury. We overrule points one and two.

■ In point of error three, appellant contends the trial court erred as a matter of law in ordering lifetime benefits from the Fund. Appellee cites *State v. Mireles*, 838 S.W.2d 285 (Tex.Civ.App.—Dallas 1992, writ denied) which holds that a claimant under § 12c–1 may recover lifetime benefits under § 10(b). Appellant argues that *Mireles* was incorrectly decided because § 10(b) does not list the Fund as a party liable for lifetime benefits. We agree with appellant.

Section 10(b) provides:

> If the injury is one of the six (6) enumerated in Section 11a of this article as constituting conclusive total and permanent incapacity, the association shall pay the compensation for the life of the employee, but in no other case of total and permanent incapacity shall the period covered by such compensation be greater than four hundred and one (401) weeks from the date of injury.

Act of June 18, 1981, 67th Leg., R.S., ch. 861, 1981 Tex.Gen.Laws 3290 (repealed 1989). Section 11a sets out six types of injuries for which a claimant may recover lifetime benefits under § 10(b). Act of March 28, 1917, 35th Leg.R.S., ch. 103, 1917 Tex.Gen.Laws 269, 275 (repealed 1989). These include "[t]he loss of both

feet at or above the ankle." Act of March 28, 1917, 35th Leg.R.S., ch. 103, 1917 Tex. Gen.Laws 269, 275 (repealed 1989).

Appellant argues that § 10(b) is inapplicable to the Fund because it only mentions "the association" and appellant contends the Fund is not "the association" as that term is defined. The term "association" is defined as "the 'Texas Employers' Insurance Association' or other insurance company authorized under this Act to insure the payment of compensation to injured employees or to the beneficiaries of deceased employees." Act of March 28, 1917, 35th Leg.R.S., ch. 103, 1917 Tex.Gen.Laws 269, 291 (repealed 1989). The Texas Supreme Court has held that the Fund is not an association as that term is defined under the Act. *Martinez v. Second Injury Fund of Texas*, 789 S.W.2d 267, 269 (Tex.1990). Thus, we disagree with the reasoning of the Dallas court in *Mireles* and hold that a claimant may not recover lifetime benefits from the Fund under § 10(b). We sustain point of error three.

■ In point of error four, appellant claims the trial court erred in rendering the judgment because it provided for the payment of benefits in a lump sum without a jury finding of hardship. Section 15 provides for the lump sum payment of compensation by "the association"[2] where the parties agree or where the Industrial Accident Board finds that "manifest hardship and injury would otherwise result...." Act of June 19, 1983, 68th Leg., R.S., ch. 995, 1983 Tex.Gen.Laws 5391–92 (repealed 1989). Citing *Texas Employers Ins. Ass'n v. Motley*, 491 S.W.2d 395 (Tex.1973), appellant contends a claimant must request a jury finding of hardship or the right to receive a lump sum payment is waived. The court in *Motley* was addressing the

---

**1.** In construing a statute containing the same language as that in § 12c–1, the Tennessee Supreme Court held that successive injuries to the same body part, such as the back, did not fit the statutory requirement of a loss of use of *another* member such that the Tennessee second injury fund would be liable. *Campbell v. Travelers Ins. Co.*, 482 S.W.2d 779, 781 (Tenn.1972). In a case involving a prior and current injury to the same leg, this court also denied recovery from the second injury fund because the two injuries were to the same, rather than another, member. *Murray Ohio Mfg. Co. v. Yarber*, 223 Tenn. 404, 446 S.W.2d 256, 259 (1969).

**2.** Although this section, like § 10(b), concerns the payment of compensation by the "association," appellant has not raised the argument that § 15 is inapplicable because the Fund is not the association as that term is defined by the Act. Thus, we do not address that issue.

659

payment alternative of receiving weekly payments on an accelerated basis and said:

> But like the question of manifest hardship to bring about a lump sum, the question of need for an acceleration of payments is also a fact question for the jury. If the claimant seeks acceleration, it is his burden to request an issue and to obtain a favorable jury finding thereon. Since there was no such request here, the issue was waived.

*Id.* at 398.

The trial court ordered a lump sum payment based on appellee's motion for judgment requesting such payment. No jury issue on hardship was requested or submitted. At the hearing on the Motion to Enter Judgment, appellant objected to the entry of judgment on the ground that there was no jury issue requested or submitted regarding hardship. Appellee argues that the trial court made a finding on its own that Tomon would suffer hardship if denied a lump sum payment and that a trial court's finding of fact should not be disturbed on appeal unless it is against the great weight of the evidence. While this may be true where trial is to the bench, the trial court in this case was not the trier of fact. Furthermore, a finding on hardship cannot be deemed in appellees' favor because appellant objected at the first time it learned that appellees were seeking a lump sum payment. *See State Dept. of Highways & Public Transp. v. Payne,* 838 S.W.2d 235, 241 (Tex.1992).

We agree with appellant that the trial court had no authority to render judgment for a lump sum payment. Because we hold that the issue of manifest hardship supporting an award of a lump sum payment is a question for the jury and that appellee's failure to request a jury issue resulted in waiver. Accordingly, we sustain point of error four.

In point of error five, appellant challenges the award of a lifetime lump sum payment of benefits on the ground that there was no evidence of Tomon's life expectancy. Having sustained points three and four, we need not address this point.

Having found error in the award of lifetime benefits, we reverse the judgment and remand the cause to the trial court for a determination of the length of time for which compensation should be paid, not to exceed 401 weeks. *See* Act of June 18, 1981, 67th Leg., R.S., ch. 861, 1981 Tex. Gen.Laws 3290 (repealed 1989). Having found that appellee waived the right to recover benefits in a lump sum payment, we reverse this portion of the judgment and render judgment that appellee may not receive a lump sum payment. We affirm the remainder of the judgment.