Subsequent Injury Fund v. Milligan 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-224-CV

     SUBSEQUENT INJURY FUND OF THE STATE OF TEXAS
     (FORMERLY THE "SECOND INJURY FUND"),
                                                                                              Appellant
     v.

     LARRY MILLIGAN,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 92-3244-3
                                                                                                    

O P I N I O N
                                                                                                    

      The Subsequent Injury Fund (Fund) appeals from a judgment awarding Larry Milligan
lifetime benefits for injuries sustained while at his place of work. The Fund first argues that,
statutorily, it is not liable for lifetime benefits. In point two, the Fund claims that the court erred
by refusing to submit a question requiring the jury to determine if Milligan was totally and
permanently incapacitated. We will affirm.
      On February 17, 1987, Milligan fractured his right ankle while at work at Plantation Foods
in Waco. He returned to work shortly after the accident, but in October 1987 he again injured his
right ankle. The second injury was more severe and required surgery. However, the surgery was
not completely successful as Milligan continued to suffer from pain and swelling in his ankle. 
Although able to continue working at Plantation Foods, he was limited in his ability to use his
right leg, ankle, and foot. 
      In November 1989, Milligan's left ankle was crushed when it was caught between a fork lift
and a cement wall. The combination of the injures to his right and left ankle prevented him from
being able to stand or walk for any significant length of time. As a result, Milligan lost his job
at Plantation Foods.
      After settling his claim against the workers' compensation insurance carrier, Milligan sued
the Fund to recover lifetime benefits for total incapacity arising from the combined injuries. The
jury found that Milligan had suffered a permanent, total loss of use of both his right and left foot
in the course of his employment. The court rendered judgment for Milligan based on the verdict,
awarding him a lump-sum payment, weekly payments for the remainder of his life, and attorney's
fees. 
      In point one, the Fund claims that the court erred in awarding Milligan lifetime benefits
because the statutory scheme does not provide for such payments from the Fund. See Tex. Rev.
Civ. Stat. Ann. art. 8306, §§ 10(b), 12c, 12c-1 (Vernon Supp. 1994) (repealed 1989).


 This
contention has been both accepted and rejected by other courts. See Second Injury Fund v. Tomon,
853 S.W.2d 654, 658 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (holding that the Fund
is not liable for lifetime benefits); State v. Mireles, 838 S.W.2d 285, 287 (Tex. App.—Dallas
1992, writ denied) (holding that the Fund is liable for lifetime benefits). However, we will not
reach the issue.
      "In order to preserve a complaint for appellate review, a party must have presented to the trial
court a timely request, objection or motion, stating the specific grounds for the ruling he desired
the court to make if the specific grounds were not apparent from the context." Tex. R. App. P.
52(a). The Fund claims that this argument was presented to the trial court in its motion for a new
trial. However, we are unable to find this argument in that motion. In the motion the Fund
argued, first, that Milligan failed to show a previous total loss of one ankle prior to the injury
which resulted in the loss of use of the other ankle; second, that the court erred by failing to
submit a jury question on total and permanent incapacity; third, that the evidence was legally and
factually insufficient to support a finding of total and permanent loss of use of both legs; and,
finally, that the evidence was legally and factually insufficient to support a finding of a permanent
loss of use of his right ankle. None of these arguments match the claim that the court erred
because the Fund cannot be liable for lifetime benefits. 
      "The erroneous rendition of a final judgment is not fundamental error." Young v. Hodde, 682
S.W.2d 236, 237 (Tex. 1984). The complaint concerning the judgment must first be brought to
the attention of the trial court and a ruling secured. See Winters v. Arm Refining Co., Inc., 830
S.W.2d 737, 738-39 (Tex. App.—Corpus Christi 1992, writ denied). The Fund failed to complain
to the trial court; thus, this complaint is not preserved and point one is overruled. See Tex. R.
App. P. 52(a).
      In point two, the Fund argues that the court erred by failing to require the jury to determine
if Milligan was totally and permanently incapacitated. Unlike point one, this point has been
properly preserved by an objection lodged by the Fund prior to the reading of the charge to the
jury. See Tex. R. Civ. P. 278. The Fund claims that Milligan had the burden to secure a jury
finding of total and permanent incapacity before the Fund can be held liable for benefits. See Tex.
Rev. Civ. Stat. Ann. art. 8306, § 12c-1 (repealed 1989). As support for this position, the Fund
cites to Second Injury Fund v. Keaton, 162 Tex. 250, 345 S.W.2d 711 (1961). 
      In Keaton, the claimant stipulated that he was partially and permanently incapacitated as a
result of injuries to his legs. See id. at 713. The court stated that it was required "to determine
whether or not the liability of the Second Injury Fund is to be extended to the [claimant], who has
been found by the trial court to be only partially and permanently disabled as the result of general
injuries." Id. at 713-14. The court concluded that "it was the intention of the legislature that
before the Second Injury Fund may be held liable, the employee must establish that he has been
totally and permanently incapacitated." Id. at 714. Thus, the Fund now argues that to recover
benefits a claimant must secure a finding by the fact-finder that he has been totally and
permanently disabled.
      We do not believe that Keaton decides this issue. The Keaton court merely recognized the
statutory requirements for reaching the Fund; the court did not determine the procedure to be used
in establishing that the claimant met those requirements. Instead, we must look to the statutory
scheme to determine how Milligan can meet his burden to prove that he was totally and
permanently incapacitated. See id. at 713. 
      A claim against the Fund for benefits is created by section 12c-1. See id. at 714-15. This
section allows a worker who has suffered a previous injury to claim benefits from the Fund when
that worker "becomes permanently and totally incapacitated through the loss or loss of use of
another member or organ." See Tex. Rev. Civ. Stat. Ann. art. 8306, § 12c-1 (repealed 1989). 
The legislature listed injuries that conclusively establish permanent and total incapacity in section
11a:
Injuries constituting total and permanent incapacity. In cases of the following injuries,
the incapacity shall conclusively be held to be total and permanent, to-wit:
. . .
(2) The loss of both feet at or above the ankle.
. . .
In any of the above enumerated cases it shall be considered that the total loss of the use
of a member shall be equivalent to and draw the same compensation during the time of
such total loss of the use thereof as for the total and permanent loss of such member.
The above enumeration is not to be taken as exclusive but in all other cases the burden
of proof shall be on the claimant to prove that his injuries have resulted in permanent,
total incapacity.
Id. art. 8306, § 11a (repealed 1989).


 Thus, a claimant has two avenues for demonstrating that
he has been totally and permanently incapacitated. He must either show that his injuries are on
the list of injuries that are conclusive proof of incapacitation or he must show both the injuries and
a resulting permanent, total incapacity. If the injuries are on the list, the legislature has concluded
that proof of the injuries alone are sufficient to demonstrate that the claimant is totally and
permanently incapacitated.
      At oral argument, the Fund asserted that section 11a has "historically" been applied only to
instances where the claimant was injured in one devastating event. However, the Fund has not
provided us with any precedent to support this assertion, and we have been unable to find case law
limiting section 11a to injuries arising out of one event.
      The jury determined that Milligan suffered injuries in the course of his employment that
resulted in the permanent total loss of use of his right foot at the ankle and of his left foot at the
ankle. These findings satisfy the requirement of section 11a(2). See id. Thus, the conclusive
presumption of section 11a attached, and there was no factual issue for the jury to resolve. 
      Because the statute specifies that proof of the loss of use of both feet at or above the ankle
conclusively establishes a total and permanent incapacity, the court did not err in refusing to
submit the issue to the jury. See T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 223
(Tex. 1992). Point two is overruled.
      The judgment is affirmed. 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 18, 1994
Do not publish