**Monroe CRAWFORD, Appellant,**

v.

**CONSOLIDATED UNDERWRITERS, Appellee.**

**No. 6412.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 21, 1961.

Rehearing Denied Oct. 11, 1961.

See also 323 S.W.2d 657.

McDaniel, Hunt & Fairchild, Center, for appellant.

Ramey, Brelsford, Hull & Flock, Tyler, for appellee.

McNEILL, Justice.

Suit by appellant Crawford to recover Workmen's Compensation benefits for total and permanent disability sustained by him on September 5, 1955, while working for Anderson Mfg. Company in Shelby County, Texas. After completion of testimony the jury found in answer to special issues submitted that appellant was injured on September 5, 1955; that the injury resulted in the appellant sustaining 25% partial disability with said partial disability beginning January 1, 1960 and continuing for a period of 530 weeks. Upon return of the verdict, appellant filed a motion for judgment at $6.30 a week for 300 weeks beginning January 1, 1960. The court denied appellant's motion for judgment based upon 300 weeks and rendered judgment for 176 weeks compensation, beginning January 1, 1960. From the court's action in denying appellant's motion this appeal is perfected.

The sole question for decision is whether appellant's recovery, since it was for partial incapacity only, is limited to a period not to exceed 401 weeks from date of his injury under the last clause of Sec. 11, Art.

8306, Vernon's Ann.Tex.Civ.St. This section reads:

> "Sec. 11. While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than Twenty-five Dollars ($25) per week. The period covered by such compensation shall be in no case greater than three hundred (300) weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one (401) weeks from date of injury."

Appellant argues that the 401 weeks limitation in this section is applicable only in cases involving both total *and* partial incapacity. He refers us to the same section in the original 1913 Act which contained no limitation on recovery of partial disability other than "to be in no case greater than three hundred weeks." He calls attention also to Sec. 10, providing for total incapacity, of this early Act which was without limitation except no recovery could be had "greater than four hundred weeks." (For easy examination of Secs. 10, 11 and 12, 1913 Act, see Texas Employers' Ins. Ass'n v. Moreno, Tex.Com.App., 277 S.W. 86). And appellant reasons that since Sec. 10 was amended in 1917 so that recovery for total incapacity could " * * * in no case * * * be greater than four hundred and one (401) weeks from the date of the injury" and the legislature having failed to add a similar clause specifically applying only to recovery for partial incapacity in Sec. 11 but added thereto the clause: " * * * provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one (401) weeks from date of injury," this limits recovery in cases only establishing both total and partial incapacity, so that in cases where only partial incapacity is found the limitation upon recovery of *both* total and partial does not apply. Though this argument is not without force, we think it restricts the overall intention of the legislature. It was no doubt seen after the original enactment of the Workmen's Compensation law that some restriction of time over which recovery of disability could be had should be set. Could it have been intended in amending the act that a limitation of time should be placed upon recovery of total incapacity and none upon partial? Would the legislature have desired to restrict a workman's recovery for the more serious total disability since it happens to run over a period beyond 401 weeks from date of his injury, but allow him to recover partial disability although it may start 401 weeks after his injury? Would it have prohibited him from recovering for total incapacity, the more valuable right at a time when he was unable to work, and left him the lesser right when he was able to work to some extent? We cannot ascribe such intention to the legislature.

In addition to his argument, of which the above is a fair summary, appellant relies on two cases, Texas Employers' Ins. Ass'n v. Reed, Tex.Civ.App., 150 S.W.2d 858, and Associated Employers Lloyds v. Grissom, Tex.Civ.App., 291 S.W.2d 756. Neither are in point for in both the 300 weeks recovered for partial incapacity were well within the 401 week limit. The court in the Reed case referred to the last clause of Sec. 11 and stated (150 S.W.2d at page 864): "The recovery in the instant case does not violate the latter provision" thereby recognizing that the recovery should be measured by this clause.

Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W.2d 905 (Tex. Com.App., opinion adopted) cited by appellee, supports our conclusion—in fact would impel it. In this case Williams sustained an injury to his right hand and left eye on July 17, 1925 and became incapacitated

therefrom on February 28, 1931. We quote from the case: (99 S.W.2d at page 907)

"The trial court gave judgment in favor of Williams for compensation, in a lump sum, for the period of 325 weeks after February 28, 1931, * * * the compensation so awarded is that which is provided for a specific injury in section 12 of article 8306 in the following words: 'For the loss of an eye and a hand, sixty per cent of the average weekly wages during a period of three hundred and twenty-five weeks.' * * * Such being the case, the trial court's judgment, even if it were not otherwise erroneous, would be erroneous for the reason that same allows compensation for the partial incapacity extending beyond the end of the period of 401 weeks from the date of the injury. In section 11 of article 8306, it is provided, among other things, as follows: 'Provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury.' This provision comprehends every state of partial incapacity which results from an injury sustained by the employee in the course of his employment."

The last sentence quoted referring to the 401 weeks limitation states, "This provision comprehends every state of partial incapacity which results from an injury * * *." In that case the partial incapacity was under Sec. 12, the specific injury section, of the Act, and recovery was allowed for the loss of an eye and a hand. This section provides for a specific, definite 325 weeks compensation for such loss. Even so, the Supreme Court held that the last clause in Sec. 11 providing that in no case shall the period of compensation for total and partial incapacity exceed 401 weeks from date of injury applied and limited Williams' recovery to a time not exceeding 401 weeks from date of his injury. There would have been far more justifica-

tion to have allowed Williams a recovery for 325 weeks, as that number of weeks was specifically set out under Sec. 12, than to allow appellant partial disability of a general nature, since the specific number of weeks compensation therefor are not distinctly spelled out. If the last clause of Sec. 11 controls recovery in the specific injury section—Sec. 12—we can see no reason for holding that such clause does not control the partial incapacity found in the same section with it.

The trial court's judgment is affirmed.