**Ronald D. ELLIOTT, Appellant,**

v.

**AMERICAN MOTORISTS INSURANCE COMPANY, Appellee.**

No. 12–86–0260–CV.

Court of Appeals of Texas, Tyler.

June 23, 1987.

Rehearing Denied Sept. 11, 1987.

Craig M. Daugherty, Sammons & Parker, Tyler, for appellant.

Michael E. Jones, The Potter Firm, Tyler, for appellee.

BILL BASS, Justice.

This is a workers' compensation case. We will affirm the trial court's judgment.

The appellant Elliott fell twenty or thirty feet onto a concrete floor landing on both feet. He suffered comminuted fractures of the calcaneus bones in both heels. The jury found that Elliott's injuries resulted in

the total and permanent loss of the use of both feet. Elliott moved for judgment, contending that the total loss of the use of both feet was, under Tex.Rev.Civ.Stat.Ann. art. 8306, § 11a (Vernon 1967), conclusive of his total and permanent disability and that he was therefore entitled to weekly compensation payments from the carrier for the balance of his life as required in such cases by article 8306, section 10. Instead, the trial court rendered judgment based upon 250 weeks of compensation representing the total of the maximum allowable periods of compensation for each specific injury or 125 weeks for each foot.

Elliott's single point of error urges the trial court erred in not rendering judgment that he recover weekly compensation payments for his lifetime.

■ Tex.Rev.Civ.Stat.Ann. art. 8306, § 11a (Vernon 1967) provides in pertinent part:

> In cases of the following injuries, the incapacity shall conclusively be held to be total and permanent, to-wit:
>
> . . . .
>
> (2) The loss of both feet *at or above the ankle.*
>
> . . . .
>
> In any of the above enumerated cases it shall be considered that the total loss of the use of a member shall be equivalent to and draw the same compensation during the time of such total loss of the use thereof as for the total and permanent loss of such member.
>
> . . . .

(Emphasis ours.) The relevant subsection of article 8306, section 10 reads as follows:

> (b) If the injury is one of the six (6) enumerated in Section 11a of this article as constituting conclusive total and permanent incapacity, the association shall pay the compensation for the life of the employee, but in no other case of total and permanent incapacity shall the period covered by such compensation be greater than four hundred and one (401) weeks from the date of injury. For the purpose of this section only, the total and permanent loss of use of a member shall be considered to be the total and permanent loss of the member.

*Id.* art. 8306, § 10 (Vernon Supp.1987). Elliott argues that the jury's finding of total and permanent loss of the use of both feet is equivalent to a finding of total and permanent loss "at or above the ankle" and therefore falls within one of the six enumerated injuries for which the claimant shall receive compensation for life. In Elliott's view the legislature intended the "at or above the ankle" language to apply only in cases of amputations.

It is American Motorists' position that Elliott's injuries resulting in disability were not "at or above the ankle" but confined to that part of the feet below the ankles. Therefore, the carrier argues, since Elliott's proof did not satisfy the requirements of article 8306, section 11a, he is not entitled to recover lifetime benefits.

Dr. John Walker is the orthopedic surgeon who treated Elliott for the fractures of his heel bones. Dr. Walker testified that Elliott was able to walk for only short distances; that he would never be able to stand for long periods of time and that he could not be expected to do a lot of climbing. It was Dr. Walker's opinion that Elliott has a fifty percent permanent functional impairment to both feet and legs. Dr. Walker concluded that he was only able to do sedentary work. On cross-examination Dr. Walker testified that Elliott's injuries were all located below the ankle, that they affected the use of his legs but that the necessary injury was limited to the foot. There was no testimony that the injury to Elliott's feet extended to "at or above the ankle." In summary, although Elliott walks with a limp because of his heel injury which obviously affects the use of the leg, the ankle and leg were not impaired except as affected by the heel injuries.

Elliott attempted to obtain jury issues inquiring whether his injury was a producing cause of any total loss of use "at or above the ankle" of each foot. The trial court refused Elliott's request, apparently believing there was no evidence to support their submission. Elliott does not complain on appeal of the trial court's failure to submit these issues.

Elliott now maintains that a jury finding of loss of use at or above the ankle is not necessary to satisfy the requirements of article 8306, section 11a because, he argues, the "at or above the ankle" language is inapplicable except in cases involving amputation. Any other interpretation will, in Elliott's view, create an artificial and illogical distinction based upon the location of the initial injury resulting in a wide disparity in the compensation awarded between claimants equally disabled.

It is not illogical that the law should prescribe a more rigorous measure of incapacity to be conclusive of total and permanent disability entitling the claimant to lifetime benefits. Nor is it unreasonable that the statute should provide a more generous compensation scheme for those whose loss of use includes the ankle joints than for those whose loss of use is limited to the feet below the ankles. Elliott argues, and we agree, that there will be cases in which a claimant whose total disability to the foot from an injury below the ankle will be as absolutely incapacitated as one whose total incapacity is from an above-the-ankle injury. It can hardly be denied that the application of the workers' compensation statute sometimes yields results arguably inconsistent with its intended purpose to compensate the claimant according to the severity of his disability. It is, for example, the well-settled law in Texas that a worker's recovery for injury to a specific member is limited to the amount fixed by law for the specific injury even though his capacity to labor has been totally destroyed. *Consolidated Underwriters v. Langley*, 141 Tex. 78, 170 S.W.2d 463 (1943). A worker may be totally and permanently disabled several times during his life and may, in fact, statutorily suffer separate, overlapping periods of total incapacity. *Liberty Mut. Ins. Co. v. Graves*, 573 S.W.2d 249 (Tex.Civ.App.–Corpus Christi 1978, writ ref'd n.r.e.). Nevertheless, a claimant's right to recover must be measured according to the act which created that right. *Rogers v. Traders and General Ins. Co.*, 135 Tex. 149, 139 S.W.2d 784, 785 (1940), and we must apply the statute as written.

In establishing the conclusive presumption of total and permanent incapacity for the loss of both feet, the legislature limited that presumption to only those cases in which the loss was at or above the ankle. Similarly, in the case of the loss of both hands, there is no conclusive presumption unless the loss is "at or above the wrist." The subsequent language in section 11a equating the total loss of use of a member with its total loss logically applies to those members as they are defined and described in the same section, both feet at or above the ankle, both hands at or above the wrist, and a similar loss of one hand and one foot.

Article 8301, section 12, schedules the maximum period of compensation for specific injuries. Among the specific injuries defined in section 12 is the loss of a leg, "at or above the knee," for which the claimant may recover a maximum of 200 weeks of compensation. A loss of the leg below the knee is considered a "foot" in the meaning of the statute and compensation is limited to 125 weeks. It is obvious that the act's definition of these "members" is somewhat different from their ordinary meaning. Section 12, like section 11a, contains a provision that the total loss of the use of a member shall be equivalent to its total loss in the "foregoing enumerated cases." It is well settled that in cases in which the original injury was confined to the leg below the knee, the claimant must prove that his injury extends to and affects the leg "at or above the knee" in order to recover compensation for the loss of use of the greater specific member, the leg. This is equally true in the case of fingers, toes, and arms. If the original injury is confined to the smaller member, in order for the worker to recover based upon the loss of use of the greater member, he must prove that the injury extends to and affects the greater member, not as it is defined in the dictionary, but as it is described in section 12.

It has never been successfully argued that the phrases "at or above the knee," or "at or above the elbow" apply only in the case of amputations, and that in cases involving total loss of use rather than

total loss, the word "member" should be interpreted in its ordinary sense and not in its statutory context. We are persuaded that the phrase "loss of the use of a member" in section 11a applies to members as they are defined within section 11a just as the similar phrase in section 12 applies to members as they are described within that section.

In this case there was no finding that the original injury which was confined to the feet below the ankles extended to and affected the feet at or above the ankles. Therefore Elliott did not satisfy the test of conclusive total disability set out in section 11a, and judgment for lifetime benefits authorized by section 10 would have been improper. The trial court correctly rendered judgment based upon the two specific injuries to the feet.

Appellant's point is overruled and the judgment is affirmed.