**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Edna Penny GUTIERREZ, Appellee.**

**No. 08–89–00333–CV.**

Court of Appeals of Texas, El Paso.

July 5, 1990.

Rehearing Overruled Aug. 1, 1990.

Steven L. Hughes, James O. Darnell, Grambling & Mounce, El Paso, for appellant.

Susan Larsen, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

This is an appeal in a workers' compensation suit from a judgment awarding the claimant lifetime benefits for the total loss of use of both her right hand and her right leg, the lump sum award amounting to $183,241.97. We reverse and remand.

The Appellee, Edna Penny Gutierrez, a twenty year employee of Farah Manufacturing, Inc., injured herself while on duty on March 11, 1986 when she hit her right knee on a metal table, fell forward and hit her hand, and then struck her elbow on a bar. Because of swelling and pain in her knee, she began losing work. Several operations were performed on her right hand and wrist and her right knee. She was paid seventy-one weeks of compensation by Texas Employers' Insurance Association, the compensation carrier and Appellant herein, before payments were stopped following a work release by one of the doctors.

From an award by the Texas Industrial Accident Board, Appellee filed this suit, alleging injuries to her leg, back and hand, extending to and affecting her body as a whole. Based on an alleged average weekly wage rate of $271.34, she pled for "$217.00 per week for 401 weeks for her injuries and disability...." By supplemental petition, Appellee alleged "that if her injuries are limited to her right knee and hand, such injuries have produced total loss of use of such members." Appellee was allowed another trial amendment over Appellant's objection, changing the allegation of her average weekly wage rate to $271.33.

In the charge submitted without Appellant's objection, the jury, in response to the questions propounded, found Appellee's injuries to be the cause of a "total loss of use of her right leg" and a "total loss of use of her right hand." Based on those jury findings and a court finding that Appellee had a life expectancy of 31.04 years, judgment was entered awarding her discounted lifetime benefits of $183,241.97.

■ Appellant submits eight points of error, in the first three of which it contends the trial court erred in rendering judgment for lifetime benefits because not supported by the pleadings, by the findings of the jury, and by either a legal or a factual sufficiency of the evidence. Turning first to the pleadings relevant to this appeal, Appellee claimed injuries only to her right hand and right leg resulting in the total loss of use of those members. Appellee made no request for a trial amendment expanding the claimed benefits from those pled to lifetime benefits. Tex.R.Civ.P. 66. *Cf. Greenhalgh v. Service Lloyds Insurance Company*, 787 S.W.2d 938 (Tex.1990), holding that a plaintiff is entitled to a trial amendment increasing the pled damages to conform to the verdict unless the opposing party presents evidence showing surprise or prejudice. Under Tex.R.Civ.P. 301, a judgment must conform to the pleadings as well as the evidence and the verdict. *Employers Insurance of Wausau v. Schaefer*, 662 S.W.2d 414 (Tex.App.—Corpus Christi 1983, no writ). The judgment did not conform to the pleadings.

Appellant also contends that the jury findings do not support the award of lifetime benefits. Lifetime benefits under Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 10(b) (Vernon 1967, Vernon Supp.1990) are only available in cases enumerated in Section 11a, including: "(2) [t]he loss of both feet *at or above the ankle[;]* (3) [t]he loss of both hands *at or above the wrist[;]* [or] (4) [a] *similar loss of one hand and one foot."* Section 10(b) also provides that for purposes of that section only, "the total and permanent loss of use of a member shall be considered to be the total and permanent loss of the member." The jury was not asked to find nor did it find that Appellee suffered the loss of a hand "at or above the wrist" or a foot "at or above the ankle."

We have no trouble concluding that the finding of "total loss of use of her right leg" encompasses the loss of the foot at or above the ankle, but the same argument

and logic cannot be applied to make the finding of "total loss of use of her right hand" the equivalency of a loss of the hand at or above the wrist. Moreover, other than the fact that one or more operations were performed on her right wrist, there is no evidence to support a loss at or above the wrist. *Elliott v. American Motorists Insurance Company,* 734 S.W.2d 717 (Tex. App.—Tyler 1987, writ ref'd n.r.e.). In *Elliott,* the court considered the sometimes inconsistent and harsh results from the application of the workers' compensation statutes as written, but nevertheless concluded that the claimant who received serious injuries to both of his heels as a result of a fall, found by the jury to have caused the total and permanent loss of use of both feet, was limited by a strict reading of Sections 10(b) and 11a to the amounts specified in Section 12 for the loss of each foot. Appellee argues that if Appellant believed that a definition or jury question was incorrect, it had the burden under Tex.R.Civ.P. 278 to request such definition or question in proper form and since it made no such request, the error, if any, was waived. Here, the question was in proper form for the total loss of use of a hand but not for the total loss of use of a hand at or above the wrist. The burden therefore remained on Appellee to have both her pleadings and requested jury questions in proper form to support a judgment for lifetime benefits. Appellant's Points of Error Nos. One, Two, and Three are sustained.

■ Appellant's remaining points of error, numbers four through eight, revolve around Appellee's average weekly wage rate which she pled to be $271.34. Appellant answered this with a verified denial. Appellee, having made no attempt to obtain the correct information through pretrial discovery, attempted during the trial to support her allegation with wage rate documents submitted to the Industrial Accident Board by the employer and through testimony of a claims representative of Appellant, who knew very little about the case file. Proper and timely hearsay objections were made and although some evidence was admitted over objection, it was not competent to prove wage rate. However, the evidence of the correct wage rate was revealed in a bill of exceptions hearing held during the trial and resulted in a trial amendment by Appellee stating $271.33 as the correct amount, a difference of one cent less than pled. A trial court has broad discretion in allowing trial amendments and its decision will be overturned only if there is a clear abuse of discretion. *Yowell v. Piper Aircraft Corporation,* 703 S.W.2d 630 (Tex.1986). Absent a showing of surprise or prejudice, it would have been an abuse of discretion if the trial judge had refused the amendment. *Greenhalgh,* 787 S.W.2d at 939. Although we are not to be understood as condoning the somewhat unorthodox methods employed or attempted by Appellee to establish her wage rate, we conclude that there could have been no surprise or prejudice and whatever error may have been made was harmless in view of the minute difference between the actual wage rate and the rate initially pled. Furthermore, Appellant waived its objection to the amendment by failing to move for a postponement or continuance. *Texas Power & Light Company v. Holder,* 385 S.W.2d 873, 889 (Tex.Civ.App.—Tyler 1964, *writ ref'd n.r.e.*), 393 S.W.2d 821 (Tex. 1965). Points of Error Nos. Four through Eight are overruled.

■ Having sustained the first three points of error, judgment of the trial court is reversed. It will not be necessary for us to remand the case for a new trial, however. Appellee pled general injury and there was some evidence, which we find to be sufficient, supporting a jury finding of total and permanent injury to her back, thus entitling Appellee to a total of four hundred and one (401) weeks of compensation at the rate of $180.90, less the seventy-one weeks previously paid, discounted for the lump sum payment. Although Appellant complained in its motion for new trial of the general injury finding of the jury on several grounds, the errors, if any, in the submission or finding were waived by its failure to raise the questions by points of error. *Gulf Coast State Bank v. Emenhiser,* 562 S.W.2d 449, 452 (Tex.1978); Tex. R.App.P. 74. Neither party briefed or ar-

gued the general injury finding or possible result.

The judgment of the trial court is reversed and the cause is remanded with instructions to enter a new judgment in conformity with this opinion.