The **FIDELITY AND CASUALTY COMPANY OF NEW YORK,**
Appellant,

v.

Andrew **STEPHENS,** Appellee.

**No. 09–91–117 CV.**

Court of Appeals of Texas,
Beaumont.

April 23, 1992.

Russell W. Heald, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, for appellant.

Bryan O. Blevins, Jr., Timothy W. Ferguson, Umphrey, Eddins & Carver, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Appeal in workers' compensation suit. The worker, Stephens, filed an action to recover workers' compensation benefits for disability arising out of an accident which occurred on March 25, 1981, while Stephens was in the course and scope of his employment with East–Tex Plastics, Inc.

In a juried proceeding, the jury found in favor of the plaintiff Stephens. To jury questions, the jury found that Stephens had received an injury on or about March 25, 1981, while he was in the course of his employment and that the injury was a producing cause of total incapacity beginning in September 1986 and ending December 28, 1988. The jury also found that the injury was a producing cause of partial incapacity beginning on December 29, 1988. After the beginning date the jury found that the partial incapacity was permanent. The factfinders concluded that Stephens' average weekly wage-earning capacity during the partial incapacity was $320.00.

In mid-March of 1991 the trial judge entered a judgment for Stephens in the amount of $25,725.34 and for weekly benefits in the amount of $78.75 for 169 weeks.

The parties had agreed and stipulated that the plaintiff's pre-injury average weekly wage was $439.32 and that the beginning date of the total incapacity was September 1986. The judgment was rendered against the defendant carrier for 117 weeks of total temporary disability, the benefits of which were due, unpaid and had accrued as of December 28, 1988. The said benefits for total temporary disability amounted to $16,266.10. Additionally, the judgment was rendered against the carrier for 284 weeks of permanent partial disability at 66⅔ percentum of $119.32, being the difference between $439.32 and $320.00. The judgment calculated the amount of permanent partial weekly benefits at $78.75, finding that 115 weeks of the 284 weeks were due, unpaid and accrued, with the remaining 169 weeks unaccrued.

Lifetime medical benefits relating to the March 25, 1981, injury under the workers' compensation law were awarded to the plaintiff. The judgment summed up and calculated that all the benefits owing and accruing as of the date of the judgment amounted to $25,725.34 with the remainder to be paid in weekly benefits in the amount

of $78.75 for 169 weeks or, at the option of the carrier, to be paid in a lump sum amount which equalled $12,490.74.

The trial court determined that the 401 week compensable period applicable to Stephens commenced, in law, in September of 1986, the date that the jury found when Stephens' total temporary incapacity began. The appellant-carrier vigorously contends that the trial court erred in its determination that the 401 week compensable period for Stephens began in September of 1986. Appellant-carrier maintains that the 401 week compensable period for the appellee's accidental personal injury of March 25, 1981, expired on November 30, 1988.

Appellant advances one point of error:

The trial court erred in its determination that the 401 week maximum compensable period for injuries sustained by the Appellee commenced in September of 1986.

Simply put, the trial court ruled that the 401 week compensable period began at the time the total temporary incapacity began, being September of 1986, although the jury clearly determined that Stephens' injury occurred on March 25, 1981. The carrier contends that the trial court erred in its determination, arguing that the said total compensable period necessarily had to begin on the date of the injury, March 25, 1981, and accordingly the compensation period expired on November 30, 1988. The carrier vigorously maintains that any period of disability falling outside or beyond the 401 week compensable period beginning as of the date of the injury is simply a non-compensable workers' compensation disability. We disagree.

█ We affirm the judgment below. The appellant-carrier has the burden to demonstrate that the trial court judgment is erroneous in order to obtain a reversal. *See Jackson v. United States Fidelity & Guar.*, 689 S.W.2d 408 (Tex.1985). We conclude that the question before us as set out in the carrier's sole point of error has not been definitively determined. We have not been directed to an opinion of the Texas Supreme Court that is controlling of the issue.

The carrier cites and places reliance upon *Texas Employers' Insurance Association v. Rogers*, 368 S.W.2d 21 (Tex.Civ.App.—Amarillo 1963, writ ref'd n.r.e.). The *Rogers* suit involved total and permanent disability but did not deal with a further finding of subsequent partial disability or incapacity. The Amarillo Court of Civil Appeals reasoned that an initial rib injury took place on December 1, 1960, but that the jury found that Rogers' total incapacity commenced on December 27, 1960. Hence, that Court only disallowed four weeks of compensation out of the judgment.

The *Rogers* opinion confronted solely the issue of total and permanent disability construing the same under Article 8306, § 10 of the Texas Workers' Compensation Act. Article 8306, § 10 dealt exclusively with total incapacity. The judgment below only allowed for 117 weeks of total disability plus 284 weeks of partial, thereby allowing compensation for 401 weeks of disability, either total or partial, but no more than 401 weeks of disability and resulting benefits.

█ In the instructions and definitions of the charge of the court, injury is defined as such and injury is also defined as the following:

"INJURY" means damage or harm to the physical structure of the body and such diseases or infections as naturally result from such damage or harm.

"INJURY" also includes any incitement, precipitation, acceleration or aggravation of any disease, infirmity or condition, previously or subsequently existing, by reason of such damage or harm.

We do not have before us a statement of the facts of the evidence in the case. No attack or challenge has been leveled against any of the jury findings. Therefore, looking at the definitions of "injury" which included any incitement, precipitation, acceleration or aggravation of any disease, or any infirmity or any condition that either previously or subsequently existed; then, we take the position that the "date of injury" was as of the beginning of total incapacity. Under this record by stipulation the beginning

date of total incapacity was September 1986. The "date of injury" included the concept of any subsequent incitement, any subsequent precipitation or acceleration or any subsequent aggravation of any type of any disease or any infirmity or any condition, either previously or subsequently existing, by reason of any damage or harm to the physical structure of the body. Therefore, we must hold that the date of the injury was correctly held by the trial judge to have begun in September 1986, since no statement of facts exists. The learned trial judge only allowed in toto 401 weeks of compensation benefits. We find no error.

From the skeleton record before us, we can determine that the carrier made no objection to the two definitions of injury that the court gave to the jury. We have abiding respect for the Court of Appeals sitting at Amarillo, but we decline to follow *Rogers.* By this opinion, *Crawford v. Consolidated Underwriters,* 350 S.W.2d 219 (Tex.Civ.App.—Beaumont 1961, writ ref'd) is overruled to the extent the same conflicts with our present opinion. Sanguinely, we hold that the date of injury in the absence of the record in this case translates to the actual day that the total incapacity began as found by the jury, being in September of 1986. The testimony and evidence at trial may well have fit precisely the injury definitions.

■ Moreover, from a very basic standpoint, the legislature's intent in passing the workers' compensation act was to protect the Texas workers. *See Fidelity and Casualty Co. v. McLaughlin,* 134 Tex. 613, 135 S.W.2d 955 (1940). The paramount issue in compensation cases is whether the worker received an accidental injury in the course and scope of his employment and whether such injury resulted in incapacity. The worker is entitled to recover according to the statutory scheme for his resulting disabilities and incapacities. *See and compare Potomac Insurance Company v. Milligan,* 335 S.W.2d 648 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n.r.e.).

We determine that the workers' compensation act should be construed liberally to effect and bring about its legitimate ends. The construction must also be fair, rational and reasonable and consistent with the legislative intentions as found by the decisional precedents. The trial court's judgment is affirmed.

AFFIRMED.