The STATE of Texas as Trustee of the
Second Injury Fund, Appellant,

v.

Felix T. MIRELES, Appellee.

No. 05–91–01870–CV.

Court of Appeals of Texas,
Dallas.

Aug. 11, 1992.

Rehearing Denied Oct. 6, 1992.

John M. Lozano, Grand Prairie, for appellant.

Mike Thompson, Jr., Austin, for appellee.

Before ENOCH, C.J., and DIAL[1] and WHITHAM,[2] JJ.

## OPINION

ENOCH, Chief Justice.

The State of Texas as trustee of the Second Injury Fund (the State) appeals from a judgment in a bench trial in favor of Felix T. Mireles. In its sole point of error, the State contends that the trial court erred as a matter of law in ordering that lifetime benefits be paid from the Second Injury

---

1. The Honorable Preston H. Dial, Jr., Justice, Court of Appeals, Fourth District of Texas at San Antonio, Retired, sitting by assignment.

2. The Honorable Warren Whitham, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

Fund. We overrule its point and affirm the judgment of the trial court.

Mireles lost the vision in his left eye in a childhood accident. On January 14, 1986, he lost the vision in his right eye in an accident occurring during the course and scope of his employment. Mireles received 100 weeks of benefits from his employer's insurance carrier for the loss of use of his right eye. *See* TEX.REV.CIV.STAT.ANN. art. 8306, § 12 (Vernon Supp.1992) (benefits are to be paid for 100 weeks for the total and permanent loss of sight in one eye). He now claims lifetime benefits are due to him from the Second Injury Fund.

The State contends that the Texas Workers' Compensation Act in effect at the time of Mireles's injury entitles Mireles to 401 weeks of benefits. The State argues that since Mireles has already received 100 weeks of benefits, it should only have to pay him for the remaining 301 weeks due him, and not for lifetime benefits.

The applicable provisions of the Workers Compensation Act are provided below.

> If the injury is one of the six (6) enumerated in Section 11a of this article as constituting conclusive total and permanent incapacity, the association shall pay the compensation for the life of the employee, but in no other case of total and permanent incapacity shall the period covered by such compensation be greater than four hundred and one (401) weeks from the date of injury.

TEX.REV.CIV.STAT.ANN. art. 8306, § 10(b) (Vernon Supp.1992).

> In cases of the following injuries, the incapacity shall conclusively be held to be total and permanent, to-wit: (1) the total and permanent loss of the sight of both eyes.

TEX.REV.CIV.STAT.ANN. art. 8306, § 11a (Vernon Supp.1992).

> If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured

employee had there been no previous injury; provided that there shall be created a fund known as the "Second Injury Fund," hereinafter described, from which an employee who has suffered a subsequent injury shall be compensated for the combined incapacities resulting from both injuries.

TEX.REV.CIV.STAT.ANN. art. 8306, § 12c(a) (Vernon Supp.1992).

> If an employee who has previously lost ... one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the association shall be liable only for the compensation payable for such second injury; provided, however, that in addition to such compensation and after the combination of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as "Second Injury Fund," hereinafter defined.

TEX.REV.CIV.STAT.ANN. art. 8306, § 12c-1 (Vernon Supp.1992).

The State urges that we apply the legal maxim *"expressio unius est exclusio alterius"* in interpreting the above provisions. *See Johnson v. Second Injury Fund,* 688 S.W.2d 107, 109 (Tex.1985) (using *expressio unius est exclusio alterius* maxim to hold that the Second Injury Fund is only properly funded by unclaimed death benefits). Because the legislature does not mention the Second Injury Fund in section 10(b), the State argues, it must not have intended for any entity other than the association to pay lifetime benefits. The State also urges that since sections 12c and 12c-1 of article 8306, specifying the Second Injury Fund's liability, do not reference section 10(b), the legislature did not intend for the Second Injury Fund to pay lifetime benefits. We disagree.

■ In construing statutory provisions, our primary duty is to ascertain and give effect to the intent of the legislature. To discern this intent, we must examine the statute as a whole, not just words or phrases therein. *Sandy Int'l, Inc. v. Hansel &*

*Gretel Children's Shop, Inc.,* 775 S.W.2d 802, 805 (Tex.App.—Dallas 1989, no writ). We must look to the plain language of the statute and its legislative history. *Volunteer Council of Denton State Sch., Inc. v. Berry,* 795 S.W.2d 230, 240 (Tex.App.—Dallas 1990, writ denied). "The court must ascertain the intent from a study of the entire act, and the court cannot assign to the statute a meaning that conflicts with other provisions if it is reasonable and possible to harmonize them." *Id.* The Texas Workers' Compensation Act should be liberally construed in favor of the employee seeking compensation. *Texas Employers' Ins. Ass'n v. Evers,* 242 S.W.2d 906, 909 (Tex.Civ.App.—Amarillo 1951, writ ref'd n.r.e.); *see also Bailey v. American Gen. Ins. Co.,* 154 Tex. 430, 279 S.W.2d 315, 318 (Tex.1955) (any doubts should be resolved in favor of compensation).

Using the above principles, it becomes clear that in adopting section 12c of article 8306, the legislature intended to encourage the employment of handicapped persons by limiting the association's liability *only to the second injury. Miears v. Industrial Accident Bd.,* 149 Tex. 270, 232 S.W.2d 671, 672 (Tex.1950); *see also* 905 TEX.REV.CIV.STAT.ANN. art. 8306, § 12c(a), 12c–1 (Vernon Supp.1992). It is also evident that the legislature created the Second Injury Fund to fully compensate employees who receive only partial compensation for a second injury when a previous injury, coupled with the second injury, results in total and permanent disability. *Miears,* 232 S.W.2d at 673; *see also* TEX.REV.CIV.STAT. ANN. art. 8306, §§ 12c, 12c–1 (Vernon Supp. 1992). The Second Injury Fund was designated for second-injury cases to obviate inequities in compensating employees who were totally and permanently disabled as a result of one injury and those who were disabled as a result of successive injuries. *Miears,* 232 S.W.2d at 673.

We hold that article 8306, section 12c–1, stating that "the employee shall be paid for the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as 'Second Injury Fund' " is intended to pro-

vide an employee with the maximum benefits that he or she is entitled to receive but unable to receive due to limitations imposed on the association's liability. These benefits include the lifetime benefits provided for by section 10(b) of article 8306. Accordingly, we overrule the State's sole point of error and affirm the judgment of the trial court.