Charles R. YOUNG, Appellant,

v.

The STANDARD FIRE INSURANCE COMPANY, Appellee.

No. 09–92–138 CV.

Court of Appeals of Texas, Beaumont.

March 11, 1993.

Gerald Eddins, Gerald Eddins & Associates, Port Arthur, for appellant.

Donald F. Lighty, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Workers' compensation suit. Charles Young filed suit against a workers' compensation insurance carrier to recover workers' compensation benefits arising out of a September 27, 1977, accidental personal injury received while in the course and scope of his employment. In a juried proceeding, the fact-finders found in favor of the plaintiff below. In brief summary, the jury found that the worker received a compensable injury to his right leg on or about September 27, 1977, it being a specific injury; that such injury either was or will be a producing cause of total loss of the use of the worker's right leg; that the beginning date of the total loss of the use of the leg occurred on May 3, 1991; and that such total loss was permanent. In answer to a separate question the jury found that the worker had good cause for delay in filing his claim for compensation with the Industrial Accident Board. Upon reviewing the parties' proposed judgments and conducting a hearing upon the judgments, the trial court entered a take nothing judgment against appellant.

The judgment of the court contained a paragraph reciting that the jury had found a total of 200 weeks of total permanent incapacity to the right knee beginning on May 3, 1991, and that the 200 weeks of the said total permanent incapacity falls outside the 200 weeks compensable period from the date of the injury and that the injury is therefore noncompensable under the Texas Workers' Compensation Act. *In a separate paragraph the final judgment recites that it appeared to the trial court from the pleadings, evidence and the verdict of the jurors that the law and the facts are with Charles Young to support the findings and verdict.* Then in the decretal part of the judgment, the court rendered a judgment that the plaintiff Charles Young have and recover nothing against The Standard Fire Insurance Company.

The appellant brings a point of error contending that the trial court erred in entering a take nothing judgment in favor of the carrier because the trial court incorrectly held that the 200 week compensable period for a specific injury sustained by the appellant commenced on September 27, 1977. That is, the trial court held that the 200 week compensable period began on September 27, 1977. And this holding was arrived at, despite the jury's finding that the beginning date of such total permanent incapacity occurred on May 3, 1991.

The question presented is when does the 200 week compensable period begin under the special findings of the jury's verdict. Unquestionably, this is a specific injury claim and suit.

TEX.REV.CIV.STAT.ANN. art. 8306 § 12 (of the Texas Workers' Compensation Act) provides for compensation for a 200 week period for the loss of a leg at or above the knee. This was the article applicable to appellant's claim. Article 8306 § 12 is entitled "Specific compensation". Section 12 mandates that for injuries enumerated in its schedule that the worker or employee shall receive in lieu of all other compensation except medical aid, hospital services and medicines, a weekly compensation for certain respective periods stated. A worker was entitled to 200 weeks of compensation for the loss of a leg. The phrase "employee shall receive" is mandatory. Significant and crucial is the wording of section 12 as it basically differs from the wording of sections 10 and 11 of article 8306. Section 10 dealing with *total general incapacity* contains this clause: "and in no case shall the period covered by such compensation be greater than four hundred

and one (401) weeks from the date of the injury." This provision was enacted initially in 1917.

Section 11 of article 8306 *deals with partial general incapacity* and provides: "that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one (401) weeks from the date of injury." These crucial statutory provisions in sections 10 and 11 are not present in section 12. Section 12 does limit the total amount of compensable weeks available for the total and permanent loss of the use of a worker's leg. But section 12 does not limit the time for the beginning of the said 200 weeks, requiring the beginning date to be the same as the date of the injury. The mandatory phrase "from the date of the injury" does not appear in section 12. Since 1917 the legislature has declined to include the restrictive language "from the date of the injury" to the specific injuries as enumerated in section 12. The long period of time that has elapsed since 1917 evinces that the legislature intended to limit the time of the period of compensable weeks to general injuries and not to specific injuries. It is significant and cogent that since 1917 section 12 has not been amended to include any phrase comparable to "from the date of injury". This evidence of the legislature's intention existed up until the time of the repeal of the Workers' Compensation Act which took place in 1991.

▮ If the injuries are specific injuries such as the total loss of the use of a leg, then the particular compensation period is fixed in accordance with the specific injury that is enumerated. It is not, therefore, necessary to fix the commencement date at which an incapacity (or loss of use) of a specific member of the body begins. The award of such compensation is in the nature of liquidated damages. 75 Tex.Jur.3d *Work Injury Compensation* § 249 (1991). Hence, in the case of a specific injury, compensation shall be awarded for the full statutory enumerated period without deletion or deduction for the duration of time intervening between the date of the injury and the date the incapacity or loss began.

*See and compare United Employers Casualty Co. v. Knight,* 139 S.W.2d 613 (Tex. Civ.App.—Beaumont 1940, writ dism'd). In *United Employers Casualty Co.,* Justice O'Quinn wrote:

We overrule appellant's fourteenth proposition asserting error in the judgment because it allowed compensation for one hundred weeks for partial loss of the sight of the right eye, beginning December 18, 1938, when the alleged injury occurred September 29, 1938, wherefore the weeks intervening the date of injury and the commencement of incapacity, the compensation should be deducted from the one hundred weeks.... The claim for compensation in the instant case is for a specific injury, namely damage for loss of the sight of the right eye. This falls under Sec. 12 of Article 8306, which does not provide that the compensation allowed shall begin or date from the date of the injury. The compensation is granted for the period of one hundred weeks. The statute, Sec. 12, provides that the injured employee shall receive, in lieu of all other compensation, as elsewhere provided, a weekly compensation for the specific injuries enumerated, in this instance compensation for one hundred weeks. It is believed that this makes the compensation in the nature of a liquidated demand entitling the claimant to his full compensation.

### The Crucial Definitions in the Court's Charge

The total loss of use was defined in the charge as well as partial loss of use. The court charged:

"Total loss of use" of a member of the body exists whenever by reason of injury such member no longer possesses any substantial utility as a member of the body or the condition of the injured member is such that the worker cannot get and keep employment requiring the use of such member.

"Partial loss of use" of a particular member means any loss of use less than total loss of use of such member.

In jury question no. 1, "injuries" are defined by these four paragraphs:

"Injury" means damage or harm to the physical structure of the body and such diseases or infections as naturally result from such damage or harm.

"Injury" also includes any incitement, precipitation, acceleration or aggravation of any disease, infirmity, or condition, previously or subsequently existing, by reason of such damage or harm.

"Injury" also includes any damage or harm arising out of the medical or surgical treatment instituted to cure or relieve the effects of the injury.

"Injury" also includes any mental or nervous disorder that impairs the use or control of the physical structure of his right leg.

Construing harmoniously the definitions of "total loss of use" and "injury", the compensable period should commence whenever such specific member totally loses its use as defined by the trial court in this case.

■ Basically, the legislature's intent in enacting the Workers' Compensation Law was to protect and compensate injured Texas workers. The paramount rationale in Workers' Compensation litigation dictates that the worker receive compensation for an accidental personal injury resulting in disability or incapacity. The accidental personal injury must have occurred in the course and scope of his employment. The worker is clearly entitled to recover for specific injuries according to the statutory schedule as set out in section 12. Hornbook law has firmly established that the Workers' Compensation Act should be liberally construed in favor of the injured worker. *Fidelity Cas. Co. of New York v. Stephens*, 832 S.W.2d 68 (Tex.App.—Beaumont 1992, no writ).

■ In light of the above we hold that for a specific injury as set out in section 12 the period of compensable weeks commences on the beginning date of the total loss of use, being in this case May 3, 1991. The 200 weeks then begins on May 3, 1991. Since the total loss of use was permanent, the worker is entitled to 200 weeks of compensation. The parties agreed that Young's prior average weekly wage was $321.60. The judgment is reversed and the cause is remanded to the trial court for the entry of a judgment consistent with this opinion.

REVERSED AND REMANDED.

WALKER, Chief Justice, concurring.

I must agree with the majority for there exists no supportive legal foundation to do otherwise. Quite obviously, there is a gap in TEX.REV.CIV.STAT.ANN. art. 8306 § 12. This gap is approximately 74 years in age. Appellant's recovery occurs approximately 13 years 7 months after date of injury. Hypothetically, I suppose recovery could be had 74 years later.