**SECOND INJURY FUND OF THE STATE OF TEXAS, Appellant,**

v.

**John Smith AVON, Jr., Appellee.**

No. 11–96–00066–CV.

Court of Appeals of Texas, Eastland.

July 2, 1998.

Rehearing Overruled Aug. 26, 1998.

Steven S. Snelson, Asst. Atty. Gen., Joseph A. Pitner, Atty. General's Office, Tort Litigation Division, Austin, for appellant.

Tony D. Crabtree, A. Christina Klemme, · Hyatt, Crabtree & Moore, Attorneys at Law, Dallas, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

John Smith Avon, Jr. was employed by the City of Dallas as a fireman when he sustained an injury to his left knee and a subsequent injury to his right knee. Avon brought workers' compensation claims against the City of Dallas and against the Second Injury Fund of the State of Texas. Prior to trial, Avon settled with the City. After a jury trial, the trial court entered judgment in favor of Avon. The Second Injury Fund appeals, complaining of error in the admission of evidence, the entry of judgment based on the questions submitted to the jury, and the amount of damages awarded. Avon brings a cross-point concerning the trial court's failure to award attorney's fees in a lump sum. We affirm in part, and we reverse and remand in part

 In its first point, the Second Injury Fund argues that the trial court erred in admitting into evidence Plaintiff's Exhibit No. 3: a letter written by Avon's treating physician, addressed "TO WHOM IT MAY CONCERN," and dated January 6, 1994. The letter disclosed the doctor's opinion that, based upon the legal definition of "total loss of use," Avon had a "total loss of use" of his left leg as a result of the injury on August 17, 1989, and a "total loss of use" of his right leg as a result of the injury on December 12, 1989. The Second Injury Fund objected to the admission of Plaintiff's Exhibit No. 3 on various grounds. However, the Second Inju-

ry Fund had "no objection" when Avon's medical records, Plaintiff's Exhibit No. 2, were admitted into evidence. These records contained the same letter as the one in Plaintiff's Exhibit No. 3. Since the Second Injury Fund failed to object when Plaintiff's Exhibit No. 2 was introduced, it waived any error in the admission of the letter. *Posner v. Dallas County Child Welfare Unit of Texas Department of Human Services*, 784 S.W.2d 585, 587 (Tex.App.—Eastland 1990, writ den'd). Moreover, the record shows that Plaintiff's Exhibit No. 3 was authenticated as a business record containing the doctor's expert opinion and, therefore, constituted an exception to the hearsay rule. TEX.R.CIV.EVID. 803(6) & 902(10); see also *Burroughs Wellcome Company v. Crye*, 907 S.W.2d 497, 500 (Tex.1995). We also note that the letter was cumulative of other evidence. A doctor in the field of vocational rehabilitation testified regarding his opinion that Avon had totally lost the use of his legs. The first point of error is overruled.

 In the second point, the Second Injury Fund contends that the trial court erred in entering a judgment that "is based upon an improper theory concerning the liability of the Fund" because the jury failed to make a finding of "total and permanent incapacity" as required by the applicable workers' compensation statute and because the jury's findings showed a simultaneous, rather than a previous, loss of a specific member. The following questions were submitted to the jury:

Did JOHN SMITH AVON, JR. receive an injury on or about December 12, 1989 in the course of his employment with THE CITY OF DALLAS that was or will be a producing cause of total and permanent "loss of use" of his right leg?

Did JOHN SMITH AVON, JR. receive an injury on or about August 17, 1989, in the course of his employment with THE CITY OF DALLAS that was or will be a producing˙ cause of the total and permanent "loss of use" of his left leg?

The jury answered each of these questions affirmatively and found that the beginning date of the "total loss of use" for each leg was January 6, 1994. No other questions

were submitted to the jury, but the jury was instructed as follows:

"TOTAL LOSS OF USE" of a particular member of the body exists whenever by reason of injury such member no longer possesses any substantial utility as a member of the body or the condition of the injured member is such that the worker cannot get and keep employment requiring the use of such member.

Former TEX.REV.CIV.STAT. art. 8306 (repealed as of January 1, 1991) applies to this case because it was in effect at the time of Avon's accidents. *Harris v. Varo, Inc.,* 814 S.W.2d 520, 523 (Tex.App.—Dallas 1991, no writ). Article 8306, sections 12c and 12c–1 provided in relevant part that, when an employee "who has suffered a previous injury" or "has previously lost" the use of a foot or a leg becomes incapacitated because of a "subsequent injury" or the loss of another member, the employer's insurance association is liable only for the subsequent injury. Under these sections, the remainder of the compensation that would otherwise be due for the combined incapacities or the total permanent incapacity resulting from both injuries is to be paid out of the "Second Injury Fund." *Second Injury Fund v. Keaton,* 162 Tex. 250, 345 S.W.2d 711 (1961); *State v. Mireles,* 838 S.W.2d 285 (Tex.App.—Dallas 1992, writ den'd). Under former Article 8306, section 11a, there were six enumerated injuries that conclusively established total and permanent incapacity: the total and permanent loss of sight in both eyes, the "loss of both feet at or above the ankle," the loss of both hands at or above the wrist, the loss of one hand and one foot, a spinal injury resulting in the paralysis of both arms or both legs or of one arm and one leg, and a particular injury to the skull. The total loss of use of a member was equivalent to the total loss of that member. Article 8306, section 11a also provided that the enumerated list "is not to be taken as exclusive" but that, if none of these six circumstances were applicable, a claimant had the burden to prove that his injuries resulted in total and permanent incapacity.

We hold that the jury's findings of total and permanent loss of use of both legs sup-port a recovery under Article 8306, section 11a for total and permanent incapacity under either the "other loss" provision or the provision for the "loss of both feet at or above the ankle." *City of Del Rio v. Contreras,* 900 S.W.2d 809, 811 (Tex.App.—San Antonio 1995, writ den'd)(findings of total and permanent incapacity from the loss of use of both legs at or about the ankles entitle a claimant to lifetime benefits under the "other loss" provision of Article 8306, section 11a); *Texas General Indemnity Co. v. Martin,* 836 S.W.2d 636, 638 (Tex.App.—Tyler 1992, no writ)(the total and permanent loss of use of a leg "necessarily inflicts" the loss of use of the attached foot at or above the ankle); see also *Texas Employers' Insurance Association v. Gutierrez,* 795 S.W.2d 5, 6 (Tex.App.—El Paso 1990, writ den'd)(a finding of the total loss of use of a leg encompasses the loss of a foot at or above the ankle). We also hold that the jury's findings of a "previous injury" and a "subsequent injury" support recovery from the Second Injury Fund for the resulting combined incapacities under Article 8306, section 12c even though the jury found that the total loss of use of each leg occurred on the same day. The second point of error is overruled.

■ In the third point, the Second Injury Fund argues that the trial court erred in awarding benefits from the date of injury rather than from the date of the total loss of use as found by the jury. Avon's injuries were sustained in 1989, but the jury found that the total loss of use of his legs occurred on January 6, 1994. Avon does not challenge the jury's findings.

The accrual of compensation was provided for in Article 8306, section 6. That section provided in part:

If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date incapacity commenced....Provided further, that if such incapacity continues for four (4) weeks or longer, compensation shall be computed from the inception date of such incapacity.

Pursuant to the provision of Article 8306, section 6, Avon's compensation did not begin to accrue until the date of his incapacity: January 6, 1994. See *Young v. Standard Fire Insurance Company*, 850 S.W.2d 754 (Tex.App.—Beaumont 1993, no writ); see also *Jones v. Texas Employers Ins. Ass'n*, 128 Tex. 437, 99 S.W.2d 903 (1937); *Indemnity Ins. Co. of North America v. Williams*, 129 Tex. 51, 99 S.W.2d 905 (1937); *Maryland Casualty Company v. Duke*, 825 S.W.2d 232, 235–36 (Tex.App.—Texarkana 1992, writ den'd). Consequently, the third point of error is sustained.

■ In its fourth point, the Second Injury Fund contends that the trial court erred in awarding lifetime benefits to Avon because lifetime benefits are not available from the fund. We note that the courts of appeals are split on this issue. Lifetime benefits were available under Article 8306, section 10(b). Article 8306, section 10(b) provided that, for injuries constituting total and permanent incapacity, "the association shall pay the compensation for the life of the employee."

The Second Injury Fund relies upon *Second Injury Fund v. Tomon*, 853 S.W.2d 654 (Tex.App.—Houston [14th Dist.] 1993, one writ den'd and one writ withdrawn). In *Tomon*, the court held that lifetime benefits were not available from the Second Injury Fund because the Second Injury Fund is not "the association" referred to in Article 8306, section 10(b). However, the Dallas Court of Appeals held in *State v. Mireles, supra* at 287, that lifetime benefits were available from the Second Injury Fund. The court reasoned:

[I]n adopting section 12c of article 8306, the legislature intended to encourage the employment of handicapped persons by limiting the association's liability only to the second injury. *Miears v. Industrial Accident Bd.*, 149 Tex. 270, 232 S.W.2d 671, 672 (Tex.1950); see also 905 TEX. REV.CIV.STAT.ANN. art. 8306, § 12c(a), 12c–1 (Vernon Supp.1992). It is also evident that the legislature created the Sec-

ond Injury Fund to fully compensate employees who receive only partial compensation for a second injury when a previous injury, coupled with the second injury, results in total and permanent disability. *Miears*, 232 S.W.2d at 673; see also TEX.REV.CIV. STAT.ANN. art. 8306, §§ 12c, 12c–1 (Vernon Supp.1992). The Second Injury Fund was designated for second-injury cases to obviate inequities in compensating employees who were totally and permanently disabled as a result of one injury and those who were disabled as a result of successive injuries. *Miears*, 232 S.W.2d at 673.

We hold that article 8306, section 12c–1, stating that "the employee shall be paid for the remainder of the compensation that would be due for the total permanent incapacity out of the special fund known as 'Second Injury Fund'" is intended to provide an employee with the maximum benefits that he or she is entitled to receive but unable to receive due to limitations imposed on the association's liability. These benefits include the lifetime benefits provided for by section 10(b) of article 8306. We agree with the logic expressed by the Dallas court in *Mireles,* and we hold that lifetime benefits are available to Avon from the Second Injury Fund.[1] The fourth point of error is overruled.

■ In his sole cross-point, Avon contends that the trial court erred in awarding attorney's fees in periodic payments rather than a lump-sum payment. We disagree. Article 8306, section 10(c) applied to attorney's fees in cases involving lifetime benefits. That section provided, "If compensation is being paid in periodic payments, any attorney's fee allowed by the Board or court shall be paid in periodic payments." The judgment in this case reflects that Avon was to receive payments periodically. Consequently, the trial court did not abuse its discretion in refusing to award a lump-sum payment of attorney's fees. *Texas Employers' Insurance Association v. Parra*, 806 S.W.2d 294 (Tex.App.—El

1. We also note that the subsequent versions of the statute specifically provide that the subsequent (formerly second) injury fund shall compensate an employee for the remainder of the lifetime benefits to which the employee is entitled. See former TEX.REV.CIV.STAT. art. 8308–4.47 (1989) and current TEX. LABOR CODE ANN. § 408.162(b) (Vernon 1996).

Paso 1991, no writ). The cross-point is over-ruled.

The judgment of the trial court is affirmed in part, and it is reversed and remanded in part. We remand the case to the trial court only to recalculate the compensation due to Avon from the date of the incapacity.